## THE STATE *v.* MILLER.

CRIMINAL LAW.—*Repeal of Statute.*—*Grand Larceny.*—By the act of March 3d, 1877, Acts Reg. Sess. 1877, p. 63, amending section 19 of the act of June 10th, 1852, 2 R. S. 1876, p. 432, " defining felonies," etc., the penalty fixed by such section 19, for grand larceny, was not altered, but only the amount necessary to constitute such felony.

SAME.—*Indictment.*—An indictment for grand larceny, charging the stealing of property of the value of fifteen dollars or upwards, found prior to the taking effect of such act, was not rendered bad by such amendment.

From the Randolph Circuit Court.

*C. A. Buskirk*, Attorney General, and *A. O. Marsh*, Prosecuting Attorney, for the State.

*T. F. Colgrove*, for appellee.

PERKINS, J.—An indictment, as follows, was duly returned into the Randolph Circuit Court:

" The grand jurors of Randolph county, State of Indiana, duly empanelled," etc., " to enquire," etc., " on their oaths present, that one David Miller, late of said county, on the second day of September, A. D. 1876, at," etc., " did then and there unlawfully and feloniously steal, take and carry away of the personal goods and chattels of Conrad Meier one silver watch and chain, of the value of twenty-three dollars, contrary," etc.

This indictment was returned on the 5th day of January, 1877, and was grounded on section 19 of the act of 1852, concerning felonies, etc., which enacts, that " Every person who shall feloniously steal," etc., " the personal goods of another, of the value of five dollars or upwards, shall be deemed guilty of grand larceny," etc. 2 R. S. 1876, p. 432.

The indictment was quashed, on the ground that said section 19 had been repealed by later legislation.

On the 3d of March, 1877, the following was enacted:

" SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That section nineteen of the above entitled act be and the same is hereby amended so as to

read as follows, to wit: Section 19. Every person who shall feloniously steal, take and carry, lead or drive away the personal goods of another, of the value of fifteen dollars or upwards, shall be deemed guilty of grand larceny, and upon conviction thereof, shall be fined not exceeding double the value of the goods stolen, be imprisoned in the state-prison not less than two nor more than fourteen years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." Acts Reg. Sess. 1877, p. 63.

The penalty was not changed by the amendment.

On the 12th of March, 1877, the following act was passed. Acts 1877, Spec. Sess., p. 73:

" SECTION 1. Be it enacted by the General Assembly of the State of Indiana, That whenever an act is repealed, which repealed a former act, such act shall not thereby be revived, unless it shall be so expressly provided. And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action, or prosecution for the enforcement of such penalty, forfeiture or liability."

We copy this latter act, though it is not material to the decision of the case before us.

There is no express repeal of section 19, on which the indictment in this case is based. The amendment of a statute is not a repeal of it by implication, further than it renders the amended statute inconsistent in letter or spirit, or both, with the unamended statute.

The amended statute in question is not inconsistent with the statute as it was before amendment, so far as it is applicable to the case under consideration. The only change made by the amendment was to fix the amount constituting grand larceny at fifteen dollars, instead of five. The law, under both statutes, made the stealing of

twenty dollars and upwards grand larceny. There has not been a moment, since the coming into force of the act of 1852, that the statute law of this State has not made the stealing of the amount charged in the indictment in this case grand larceny, and contained the same provisions as to the punishment thereof. It is clear to us, that the law-making power never intended the repeal of the entire section 19, above mentioned, and that no rule of construction of statutes requires this court to hold that it is repealed. *Longlois* v. *Longlois*, 48 Ind. 60; *Martindale* v. *Martindale*, 10 Ind. 566.

The judgment is reversed, with costs.