## Commonwealth, Appellant, v. Dickinson.

*Statutes—Repeal—Amendment—Game law—Killing deer—Acts of May 1, 1909, P. L. 325, and May 1, 1913, P. L. 137.*

1. The Act of May 1, 1909, P. L. 325, which forbids the killing in any one season of more than one male deer "with horns visible above the hair" is not repealed, but is merely amended by the Act of May 1, 1913, P. L. 137, which prohibits the killing of any male deer "with horns two inches above the hair;" and if a person is indicted for a violation of the earlier act before the later act was passed, he cannot after the passage of the later act claim to have the indictment quashed, on the ground that the earlier act was repealed.

There never was an instant of time from the date of the approval of the Act of May 1, 1909, to the present when the killing in any one season of more than one deer which did not have horns visible above the hair ceased to be a penal offense.

Argued March 9, 1914. Appeal, No. 249, Oct. T., 1913, by plaintiff, from order of Q. S. Clearfield Co., May Sessions, 1913, No. 19, quashing indictment in case of Commonwealth v. B. M. Dickinson. Before

RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Indictment for killing a deer.. Before SEARLE, P. J., specially presiding.

The opinion of the Superior Court states the case.

*Error assigned* was order quashing the indictment.

*A. M. Liveright,* with him *James H. Kelley* and *Walter Welch,* district attorney, for appellant.—An amendment, from its date and as to matters arising subsequently to it, is to be read into the amended statute as if it had always been there; but as to all that precedes the passage of the amendment, the original statute is to be looked at: People v. Supervisors Montgomery County, 67 N. Y. 109; Kelsey v. Kendall, 48 Vt. 24, 26; Ely v. Holton, 15 N. Y. 595; Miles v. State, 40 Ala. 39; In re Prime, 18 L. R. A. 713; State v. McDonald, 101 Minn. 349.

A mere amendment of a section of an act of assembly has no other force than to change the specific enactment it refers to, in the single particular in which it departs from the same. It does not operate to repeal by implication any earlier provision of the same or another statute: Marquette v. Berks County, 3 Pa. Superior Ct. 36.

Repeals by implication are never admitted where the earlier statute can stand with the new act, but only where there is positive repugnancy between the statutes; and then only to the extent of the repugnancy: York Gazette Co. v. York County, 25 Pa. Superior Ct. 517; Wood County v. Lackawanna I. & C. Co., 93 U. S. 619; Arthur v. Homer, 96 U. S. 137; Cope v. Cope, 137 U. S. 682; U. S. v. Matthews, 173 U. S. 381.

A statute, penal as well as otherwise, must be construed with reference to the object in view, and never so interpreted as to defeat its own purpose, if any other reasonable meaning is possible: The Emily, 9 Wheat.

381; Phila. v. Lukens, 3 Phila. 333; Jefferies v. Shearer, 5 Phila. 332; U. S. v. Lacher, 134 U. S. 624.

Even where there is an affirmative repealer the old legislation is not necessarily of no effect: Pacific Mail S. S. Co. v. Joliffe, 2 Wall. 450; Bear Lake, etc., Co. v. Garland, 164 U. S. 1.

A repealing clause does not stop proceedings already instituted under an old act where it does not affect the court's jurisdiction under existing laws: Com. v. Robb, 14 Pa. Superior Ct. 597; Hickory Tree Road, 43 Pa. 139; Uwchlan Township Road, 30 Pa. 156; Sanders v. Com., 117 Pa. 293; Com. v. Mortgage Trust Co., 227 Pa. 163.

*A. H. Woodward*, with him *Frank G. Harris* and *A. L. Cole*, for appellee.—Where a statute is amended, "so as to read as follows," the amendatory act becomes a substitute for the original which then ceases to have the force and effect of an independent enactment: People v. Wilmerding, 136 N. Y. 363; People v. Montgomery Co., 67 N. Y. 109; Goodno v. Oshkosh, 31 Wis. 127; Great Northern R. Co. v. U. S., 155 Fed. Repr. 945; Endlich on Statutes, sec. 195.

At least it is clear that an amendment of a statute declaring that it shall read in a particular way repeals all provisions not retained in the altered form: Reid v. Smoulter, 128 Pa. 324; Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568.

There can be no doubt that the amendment of 1913 was intended as a substitute for sec. 18 of the act of 1909, and as such repeals the section mentioned so far as it is inconsistent therewith: Com. v. Cromley, 1 Ashmead, 179; Abbott v. Com., 8 Watts, 517; Johnson's Est., 33 Pa. 511.

The defendant avers that with the repeal of the portion of the law under which he is indicted, in the absence of a saving clause in the act repealing the same, the entire proceedings in the case must fall: Abbott v.

Com., 8 Watts, 517; North Canal St. Road, 10 Watts, 351; Hampton v. Com., 19 Pa. 329; Genkinger v. Com., 32 Pa. 99; Lawrence Co. v. New Castle, 18 Pa. Superior Ct. 313.

OPINION BY RICE, P. J., July 15, 1914:

This is an appeal by the commonwealth from an order of the court of quarter sessions quashing an indictment which charged that on November 21, 1911, the defendant did unlawfully and wilfully "kill a male deer, which did not have horns visible above the hair." The prosecution for the alleged offense was begun before a justice of the peace in June, 1912, and resulted in the conviction of the defendant, from which, by special allowance, he appealed to the quarter sessions, wherein the indictment was found on August 26, 1913. At the time of the commission of the alleged offense, sec. 18 of the Act of May 1, 1909, P. L. 325, was in force, and, so far as material here, read as follows: "It shall be unlawful for any person to shoot at, or take or kill or wound, . . . . any deer in this commonwealth, except from the fifteenth day of November to the first day of December in the same year; or to kill in any one season more than one deer, which in every instance shall be a male deer, with horns visible above the hair." This section was quoted for amendment in the Act of May 1, 1913, P. L. 137, and was amended so as to read exactly as it did before, except that the words, "tenth day of November to the twenty-fifth day of November inclusive," were substituted for the words of the corresponding clause of the act of 1909; and the words "two inches" were substituted for the word "visible" in the following clause, so that the latter now reads: "which in every instance shall be a male deer, with horns two inches above the hair." The theory upon which it is contended the indictment was properly quashed is, that sec. 18 of the act of 1909 was repealed by the act of 1913, and therefore the principle is applicable, that the

repeal of a statute pending a prosecution under it puts an end to the further prosecution, unless there be a saving clause in the repealing act: Abbott v. Com., 8 Watts, 517. On the other hand, it is argued by the commonwealth's counsel that the section under which the prosecution was instituted was neither expressly nor impliedly repealed, but only amended and that in such manner as to retain the particular provision under which the prosecution was brought; in other words, that there never was an instant of time, from the date of the approval of the act of 1909 to the present, when the killing of a deer which did not have horns visible above the hair ceased to be a penal offense. This is the correct view. The act of 1913 did not repeal the statutory provision that made the commission of that act a penal offense, it simply added a further restriction upon the killing of deer, but retaining the lesser restriction imposed by the earlier act. As to that lesser restriction there was no break in the continuity of legislation any more than there would have been if the original act had read "two inches above the hair," and the amendatory act had substituted the word "three" for "two." The pertinent principle is thus stated in Endlich on Interpretation of Statutes, sec. 195: "An amendment of a statute may or may not operate as an implied repeal of the original law. If it does not change the same, but merely adds something to it, it is not, in general, a repeal thereof. Where, on the other hand, the amendment changes the old law in its substantial provisions, it must, by necessary implication, repeal it to the extent to which the new is in conflict with, and repugnant to, the old; but not beyond. Thus," (citing State v. Miller, 58 Ind. 399) "where, under a statute fixing the limit of grand larceny at $5.00 or upwards, an offense was committed consisting in the larceny of $23.00, and before trial and conviction, an amendatory act was passed changing the limit from $5.00 to $15.00 as the minimum to constitute grand larceny, it was held that there was no repeal of

the earlier act except as to the limit,—a change which did not affect the case in question, since there never was a time when the larceny of an amount exceeding $15.00 did not constitute grand larceny under the law." The illustration cited by the learned author is an apt one, but not more apt, when the controlling principle is considered, than that furnished by Haspel v. O'Brien, 218 Pa. 146, where it was held that, while the Act of June 4, 1901, P. L. 364, in terms repeals the Act of February 3, 1824, P. L. 18, yet, as the provisions of the act of 1824, giving priority to municipal liens, are re-enacted in substantially identical terms in the later act, the law has not been changed by the act of 1901. In the course of his discussion, Chief Justice MITCHELL said that "when an act expressly repeals a former one and at the same time re-enacts its exact provisions the intent is manifest that there shall be no change in the law. This is the general rule as shown by the numerous authorities cited by appellant, the effect of which is thus summed up in 26 Am. & Eng. Ency. of Law (2d ed.), 758, title 'Statutes'; 'Where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect according to the great weight of authority, is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced.'" If this be true of the express repeal and simultaneous re-enactment of substantially the same statutory provision, it must, for a stronger and more obvious reason, be the rule where there is no express repeal. Repeals by implication are not favored, and this is as true of criminal statutes as of others. It is wholly a question of legislative intent, and here the manifest legislative intent is not to repeal, but merely to amend. An amendatory statute is not necessarily a repealing statute, and should not receive a forced construction to make it so. Allusion is made by the defendant's counsel to the rule that an amend-

ment of a statute, declaring that it shall read in a particular way, repeals all provisions not retained in the altered form: Bishop's Written Law, sec. 152. But here, as has been shown, the provision of the act of 1909, is retained in the amendatory act—not in hæc verba, it is true, but in a form of expression which, though broader in scope, undoubtedly includes it. Hence, it continues in force and supports prosecutions for its violation which had been committed before the adoption of the amendatory act.

The order is reversed, the indictment is reinstated, and the record is remitted to the court of quarter sessions of Clearfield county, with a procedendo.