## Commonwealth, Appellant, *v.* Reed.

*Criminal law—Nolle prosequi—Action of court against protest of district attorney—Act of March 12, 1866, P. L. 85.*

The Court of Oyer and Terminer is without jurisdiction to enter a nolle prosequi in a prosecution for robbery, notwithstanding the protest of the district attorney, where the record shows that the application of the prosecutor through private counsel for such action of the court, was not in writing, and was not verified by affidavit, as provided by the Act of March 12, 1866, P. L. 85.

There is nothing in the Acts of March 29, 1819, P. L. 266, and March 31, 1860, P. L. 437, and the decisions of the courts in construing these acts, to indicate an intention to depart from the doctrine of the common law that a nolle prosequi can only be entered by the prosecuting officer, or with his consent.

Submitted Oct. 2, 1916.  Appeal, No. 62, April T., 1917, by plaintiff from order of O. & T. Cambria Co., June T., 1915, No. 5, entering nolle prosequi in case of Commonwealth v. James Reed, et al.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Indictment for robbery and for receiving stolen goods. Before O'CONNOR, J.

From the record it appeared that on June 13, 1916, the cause being reached for trial, the court entered a nolle prosequi on the bill of indictment upon motion of private counsel over objection of the district attorney. There was no application for the motion based on affidavit.

*Error assigned* was the order of the court entering a nolle prosequi.

*D. P. Weimer,* District Attorney, for appellant, cited: Agnew v. Commissioners of Cumberland County, 12 S. & R. 94; Com. v. Robertson, 47 Pa. Superior Ct. 472.

No printed brief for appellee.

OPINION BY PORTER, J., November 2, 1916:

The indictment in this case contained two counts; the first charging the defendants with robbery, and the second charging receiving stolen goods. The indictment was in proper form and the record discloses no irregularity. The learned judge of the court below, notwithstanding the protest of the district attorney, entered the following order, viz: "June 13, 1916, application having been made to the district attorney to have within case nol. prossed and the same having been refused, Percy Allen Rose, private counsel for the Commonwealth, now moves the court to enter nol. pros. in within case. Nol. pros. accordingly entered." The Commonwealth appeals from this order.

The district attorney is a public officer whose duties, power and authority are defined by statute. When that officer neglects or refuses to prosecute, or there is a disagreement between him and private counsel employed by the prosecutor as to the manner of conducting a trial, it shall be lawful for the prosecutor to present his petition to the court of the proper county, "setting forth the character of the complaint, and verified by affidavit; whereupon if the court shall be of opinion that it is a

proper case for a criminal proceeding or prosecution it shall be lawful for it to direct any private counsel employed by such prosecutor to conduct the entire proceeding"; Act of March 12, 1866, P. L. 85. It is important here to note that the complaint of the prosecutor must be in writing and verified by affidavit and the court must be satisfied that the case is one proper for a criminal prosecution, before it attempts to exercise the power to thus set aside a constitutional officer: Commonwealth v. McHale, 97 Pa. 397. This statute is to be applied when the district attorney neglects or refuses to prosecute a case which ought to be prosecuted. It was clearly not the intention of the legislature to confer authority upon the courts to compel the district attorney to abstain from prosecuting an indictment which that officer believed to be well founded. There was in this case no attempt upon the part of the prosecutor to invoke the provisions of the Act of 1866, and the order of the court does not purport to be founded upon the provisions of that statute.

A nolle prosequi is the voluntary withdrawal by the attorney general or the district attorney of further proceedings upon a particular bill. Its effect is to annul the indictment. The entry of a nolle prosequi is not properly the act of the court, but of the attorney general or the district attorney. "The prosecutor cannot do it; the court knows nothing of the charge or of the evidence, until the matter is brought before them, either by motion to quash the indictment, demurrer, or trial of the issue. The effect of it is, to put the defendant without day; his recognizance is discharged; but it does not operate as an acquittal, for he may be reindicted": Agnew v. Commissioners of Cumberland County, 12 S. & R. 94. The Act of March 29, 1819, P. L. 266, provided that after indictment found by the grand jury, it should not be lawful for the attorney general to enter a nolle prosequi thereon, except in certain cases, of which robbery is not one, without the consent of the court. This did not vest the court with power to order a nolle prosequi to be en-

tered in any case, it limited the power of the attorney general and of the district attorney to resort to such action in any but certain cases: Berks County v. Pile, 18 Pa. 493. The 29th Section of the Act of March 31, 1860, P. L. 437, provided that no district attorney shall, in any criminal case whatsoever, enter a nolle prosequi either before or after bill found, without the assent of the proper court in writing first had and obtained. This statute again limited the power of the prosecuting officer to enter a nolle prosequi, but it conferred no power on the court to order a nolle prosequi to be entered without the consent of the prosecuting officer. The legislation of this State and the decisions of the courts construing it indicate no intention to depart from the doctrine of the common law that a nolle prosequi can only be entered by the prosecuting officer, or with his consent.

The order of the court below, entering a nolle prosequi, is reversed, the indictment is reinstated, and the record is remitted for further proceedings according to law.