# Commonwealth, Appellant, *v.* Shields et al.

*Criminal procedure—Nolle prosequi—Right to enter—Action of court against protest—District attorney.*

A court of quarter sessions is without jurisdiction to enter a nolle prosequi in a prosecution for conspiracy, over the protest of the district attorney. A nolle prosequi is the voluntary withdrawal by the attorney general or district attorney of further proceedings against a defendant in a particular bill; it is not the action of the court, but of the attorney general or district attorney.

While the Act of March 31, 1860, P. L. 427, section 29, provides that no district attorney shall enter a nolle prosequi without the assent of the proper court in writing first had and obtained, it does not invest the court with the functions of the district attorney in that respect, or authorize the entry of a nolle prosequi against his protest. The act must still be the voluntary act of the district attorney, but may not be entered without the consent of the court.

An agreement of the district attorney to enter a nolle prosequi against all of the defendants, provided certain conditions were complied with, was repudiated by him on failure of the defendants to carry out such agreement. In doing so he was wholly within his rights. His act in moving the entry of the nolle prosequi must be voluntary. It cannot be forced by the court and it was error for the court to enter it over his protest.

A district attorney has a right to enter a nolle prosequi, with the consent of the court, against one or more defendants, leaving the indictment in force against the remaining defendants.

*Criminal procedure—Appeals—Premature.*

Appeal taken before a nolle prosequi had actually been entered was premature and will be quashed.

Argued November 8, 1926. Appeal No. 283, October T., 1926, by the Commonwealth of Pennsylvania from order of Q. S. Lycoming County, June Sessions, 1923, No. 5, in the case of Commonwealth of Pennsylvania

v. W. A. Eastlake, John B. Shields and B. Feigenbaum.
Before Porter, P J. Henderson, Trexler, Keller,
Linn and Cunningham, JJ.   Quashed.

Indictment for conspiracy.  Before Whitehead, P. J.
The facts are stated in the opinion of the Superior
Court.

The court entered the following order:.

"And now, August 5, 1926, upon due consideration
of the testimony presented to the court on the petition
for a rule granted April 12, 1926, and the argument
of counsel, it is hereby ordered and directed that the
petitioners for said rule pay, or legally tender, to
Howard Reed, the prosecutor in this case, the sum of
$125, together with all costs, not including attorney
fees, paid by him and all other costs, including the cost
of nolle prosequi as to them, on or before September
6, 1926, and that upon compliance with this order a
nolle prosequi will be directed as to the petitioners.

"In the event, however, that the petitioners do not
comply with this order that then, and in that case, the
rule will be dismissed and the petitioners will present
themselves to the court agreeably to the continuance
of this case on September 13, 1926, at 10 o'clock a. m.
at which time the case will be proceeded with."

The Commonwealth appealed.

*Error assigned,* among others, was the order of the
court.

*A. A. Vosburg,* and with him *William K. Bastian,*
District Attorney, *C. A. Schug, William B. Landis,* and
*John H. Owens,* for appellants.

*Charles J. Reilly,* and with him *C. Harry Ditter,* for
appellees.

OPINION BY KELLER, J., December 10, 1926:

We are obliged to quash this appeal because it was taken before a nolle prosequi had actually been entered, and hence was premature. The order of the lower court contained a direction to enter a nolle prosequi in the event that certain things were done, but the record fails to show that it was ever actually entered.

To avoid further and unnecessary controversy, however, we deem it proper to say that the right of the court to enter a nolle prosequi against the protest of the district attorney, was denied by this court in Com. v. Reed, 65 Pa. Superior Ct. 91, a case apparently not called to the lower court's attention, as it was not on the appellant's brief.

We pointed out, in that case, speaking through our present President Judge, that a nolle prosequi is the voluntary withdrawal by the attorney general or the district attorney of further proceedings against a defendant upon a particular bill; that it is not the act of the court but of the Commonwealth's attorney, that is, the attorney general or the district attorney. While the Act of March 31, 1860, P. L. 427, sec. 29, provides that no district attorney shall enter a nolle prosequi in any criminal case without the assent of the proper court in writing first had and obtained, it does not invest the court with the functions of the district attorney in that respect, or authorize the entry of a nolle prosequi against his protest; the act must still be the voluntary act of the district attorney, but may not be entered without the consent of the court.

The agreement of the district attorney, of June 5, 1924, to enter a nolle prosequi against all of the defendants, provided certain conditions were complied with, was repudiated by him on failure of the defendants to carry out such agreement. In doing so he was wholly within his rights. His act in moving

the entry of the nolle prosequi must be voluntary. It cannot be forced by the court. There is no doubt of his right to enter a nolle prosequi, with the consent of the court, against one or more defendants leaving the indictment in force against the remaining defendants: Hester v. Com., 85 Pa. 139; Com. v. Casey, 14 Pa. Co. Ct. Rp. 389 (RICE, P. J.).

The lower court evidently regretted having, in the circumstances of this case, consented to the entry of a nolle prosequi as to two of the defendants, and felt that it should have been entered as to all or none. It can, on the trial, see that the appellees suffer no injustice; but a nolle prosequi cannot be entered except on motion of the district attorney or attorney general.

The appeal is quashed.