## Commonwealth, Appellant, *v.* McNamara.

*Statutes—Repeal and re-enactment—Effect on pending prosecution —Automobile—Driving while intoxicated—Acts of June 30, 1919, P. L. 678, and May 11, 1927, P. L. 886.*

A prosecution under Section 23 of the Act of June 30, 1919, P. L. 678, for driving an automobile while intoxicated is not barred by the Vehicle Code of May 11, 1927, P. L. 886, which repeals the former Act and re-enacts its provisions.

When an act expressly repeals a former one and at the same time re-enacts its exact provisions it is manifestly the intention of the legislature that there shall be no change in the law. In such case, the provisions of the earlier act continue in active operation so that all the rights and liabilities incurred thereunder are preserved and may be enforced.

The omission of a saving clause or the absence of a general statute to that effect is merely an element in ascertaining legislative intention. It cannot be conclusive for the legislature may express its intention in any way not prohibited by the constitution.

Argued March 14, 1928. Appeal No. 91, October T., 1928, by Commonwealth from order of Q. S., Philadelphia County, September T., 1927, No. 943, in the case of Commonwealth of Pennsylvania v. Frank McNamara. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for operating a motor vehicle while under the influence of intoxicating liquor.  Before BARNETT, P. J., 41st Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty.  Subsequently the court arrested judgment.  Commonwealth appealed.

*Error assigned,* was the action of the court in sustaining defendant's motion for arrest of judgment.

*Charles C. Gordon,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellant.

*Henry W. Koons,* for appellee.

OPINION BY LINN, J., April 26, 1928:

The Commonwealth appeals from arrest of judgment.  Defendant was indicted September 23, 1927, for violating section 23 of the act of June 30, 1919, P. L. 678, 692, amended June 14, 1923, P. L. 718, 745, providing that it shall be a misdemeanor to operate an automobile while under the influence of intoxicating liquor.  He was tried and found guilty January 10, 1928.  He moved in arrest of judgment on the ground that the Vehicle Code approved May 11, 1927, effective January 1, 1928, repeals the acts of 1919 and 1923, without containing a clause permitting prosecution for offenses prohibited by those acts.  On that ground judgment was arrested.

Defendant relies on the general rule that the repeal of a criminal law takes away the authority to punish. It has been said that such repeal indicates legislative intention to remit the penalty, that it is in the nature of a legislative pardon for past acts, and that this is inferable from the omission of a saving clause authorizing prosecution after repeal.  Assuming that to be so,

we then examine the Vehicle Code to see whether it contains anything to support the legislative intention appellee would so infer, or whether the inference must be just the contrary.

It is first to be noted that we are not dealing with an absolute repeal, but with a form of legislation popularly understood as codification or consolidation of existing laws.  We must ascertain the intention as expressed in the Vehicle Code with relation to the statutes consolidated into it.  That it contains provisions (section 1301, P. L. 958) repealing the former constituent statutes is not even of special significance for an implied repeal would have had the same effect on the prior statutes, the only difference being that in case of expressed repeal the legislative intention may perhaps be more easily ascertained.  And, while a criminal law must be strictly construed, it has often been said, it must also be construed with common sense.

The decisions recognize that there may be a repeal in form though not in fact; certainly in such case, it cannot be said that the legislative intention was to grant a pardon for such offenses.  The judicial process of ascertaining legislative intention is the same as it would be if the Vehicle Code had contained a saving clause, or had been passed in a jurisdiction which had general legislation saving in character (Gt. Northern Rwy. Co. v. U. S., 208 U. S. 452, 465; Marion v. State, 16 Neb. 349) or where there was a constitutional provision to that effect as in Florida, (42 Fla. 141), for the saving clause, or the general statute merely declares legislative intention, while the constitutional provision limits the scope of legislation.

Seeking then the legislative intention, we see at once that provisions of a number of statutes effective prior to January 1, 1928, concerning motor vehicles, and regulating their use on public highways, were examined by the legislature and consolidated into the

Vehicle Code,—in some cases with alterations, supplements or amendments to the prior acts. Generally speaking, the intention is clear that many of the earlier statutory provisions should not be abolished or superseded by others, but should be retained continuously (notwithstanding the repeal of the earlier statutes) precisely as they were before the codification. Inherent in the process of codification there may be such steps as result in the same effect on the prior legislation as a saving clause would have had, and as to the misdemeanor of driving while intoxicated, this court concludes that the same effect was intended. Unless then there is some legislative expression (and we find none) destroying the liability to prosecution for the offense so carried into the new code, liability to prosecution remains.

Section 23 of the earlier acts, supra, provides: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any narcotic or habit producing drug, or permit any person who may be under the influence of intoxicating liquor or narcotic drugs to operate any motor vehicle owned by him or in his custody or control." The Vehicle Code in section 621, P. L. 914, provides: "It shall be unlawful for any person to commit any of the following acts: ...... J. To operate a motor vehicle while under the influence of intoxicating liquor or any narcotic drug, or permit any person who may be under the influence of intoxicating liquor or narcotic drug to operate any motor vehicle owned by him or in his custody or control."

It will be observed that though defendant's offense is defined in the same words that were used to define it in the prior statutes, the only change on the subject is that punishment was mitigated (Sec. 1202-b, P. L. 950) by reducing the possible period of imprisonment; we have then no question of ex post facto law.

The principle governing the decisions relied on by

appellee to the effect that absolute repeal of a criminal statute destroys the power to prosecute for offenses against it, is really not involved in this record because there was not an absolute repeal of the law defining the misdemeanor; the repeal was merely formal, because it is clear that the revision or codification of the existing statutes on the subject, indicate a legislative intention that the misdemeanor in question as defined in the prior acts should continue to be subject to punishment; the repeal merely took them off a number of statute books by substituting for them a single law.

The rule was thus stated in Haspel v. O'Brien, 218 Pa. 146, 149: "The express repeal of the act of 1824 was not for the purpose of changing the law, but in pursuance of a plan for simplifying the sources and facilitating the ascertainment of the statute law on the general subject of tax liens. The usual legislative phrase is that all acts and parts of acts inconsistent with the act passed are repealed. This is only ex majore cautela, for that would be the effect without such clause. But that phrase leaves open to question what acts are inconsistent. The express repeal saves all controversy on that subject. But the intention is the same, and when an act expressly repeals a former one and at the same time re-enacts its exact provisions the intent is manifest that there shall be no change in the law. This is the general rule as shown by the numerous authorities cited by appellant, the effect of which is thus summed up in 26 Am. & Ency. of Law (2nd Ed.) 758, title 'Statutes,' IX, 3, c: 'Where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect according to the great weight of authority, is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced." To that effect, in Com. v. Belevsky, 79 Pa. Superior Ct. 12, 15, in considering

the effect of an amendment to the sedition law, we said: "Even in case of express repeal where at the same time the provisions of the repealed statutes are re-enacted by the repealing act, the earlier statute is not in fact repealed, but its provisions continue in operation as amended. The question is one of legislative intent, and there can be no doubt that the amendment under consideration was not intended to work a repeal of the statute, but to amend it merely, and that not in a way to affect material parts of it." See Com. v. Dickinson, 57 Pa. Superior Ct. 380, 384, 385; Franklin G. Ass'n. v. Boyer, 70 Pa. Superior Ct. 263, 267; Harvey v. Hazleton, 81 Pa. Superior Ct. 1, 7; Com. v. Provident Trust Co., 287 Pa. 251, 257; Sanders v. Com., 20 W. N. C. 226.

The subject in various forms was considered in many cases cited in Brill's Cyclopedia of Criminal Law (1923) Vol. 1, pp. 161-166; also see the decisions quoted in Gt. Northern Rwy. Co. v. U. S., 155 Fed. 945, 948, etc. (affirmed 208 U. S. supra.) and 25 R. C. L. Sec. 186, p. 934. On this point in State v. Wish, 15 Neb. 448-451, it is said: "The repealing act re-enacts the provisions of the old statute in its very language in all respects, except in reducing the imprisonment. We hold, therefore, that where the re-enactment is in the words of the old statute, and was evidently intended to continue in force the uninterrupted operation of such statute, that the new act or amendment is a mere continuation of the former act, and is not in a proper sense a repeal." In State v. Gumber, 37 Wis. 298, it is said: "For the effect of the repeal of a statute and its re-enactment in the same words by a statute which take effect at the same time with the repealing act is to continue such statute in uninterrupted operation."

In Endlich on Interpretation of Statutes, Sec. 490, p. 693, it is said: "It seems, indeed, to be the general understanding that the re-enactment of an earlier

statute is a continuance, not a repeal of the latter, even though the later act expressly repeals the earlier. The mere re-enactment of an existing law, in the same or substantially the same terms, without words of repeal, and in the absence of conflict, or an intention to supersede, does not, of course, necessarily repeal the old law. But even a repealing act re-enacting the provisions of the repealed statute, in the same words, is construed to continue them in force without intermission; the repealing and re-enacting provisions taking effect at the same time . ... . . . The principle has been applied also to a revision which repealed the acts collated and consolidated, but immediately, in its own provisions, re-enacted then literally or in substance, so that there was never a moment when the repealed acts were not practically in force . . . . . . And it has been applied to criminal statutes, so as to permit a conviction for an offense against the re-enacted old law, even where the re-enacting law undertook to repeal it; the re-enactment being construed a continuance.''

We conclude therefore that, giving due force to the repealing section 1301, we must also give effect to the fact of re-enactment of the repealed statutes into what the legislature designated as its Vehicle Code; the omission of a saving clause or the non-existence of general statute to that effect, is merely an element in ascertaining legislative intention, in the nature of things it cannot be conclusive as appellant would contend, for the legislature may express its intention in any way not prohibited by the constitution.

The judgment is reversed and the record returned for further proceedings.