Commonwealth *v.* T. J. Barnard, Appellant.

Argued October 1, 1928. Be-
fore Porter, P. J., Henderson, Trexler, Keller, Linn,
Gawthrop and Cunningham, JJ.

*T. H. Shannon,* and with him *Carl J. Crawford,* for appellant.

*O. R. Hughes,* District Attorney, for appellee.

OPINION BY KELLER, J., November 14, 1928:

Appellant was found guilty, on December 15, 1927, of operating a motor vehicle while under the influence of intoxicating liquors, and was sentenced, on May 29, 1928, to pay a fine of $200 and undergo an imprisonment in the Greene County jail for a period of twenty days. He files three assignments of error.

The first is to the refusal of the court below to grant a new trial, in order that appellant might show that State Policeman Flanigan, who had testified at the trial that he was present when State Policeman Knudson arrested appellant, actually was not there, and that the arrest had been made by Officers Knudson and Nasel. Sergeant Price, of the State Police and Officer Knudson both testified to Flanigan's presence at the arrest, and Dr. Day, the physician who examined defendant, said that Flanigan brought the defendant to his office. The appellant and his companion, Cunningham, had full knowledge of the facts, if they were not too intoxicated to remember them, and when they testified had ample opportunity to deny Flanigan's presence at the arrest, if he had not been there. The basis for the application was the appellant's affidavit that he had been informed by the local Chief of Police, Charles Bockman, that when appellant and Cunningham had been brought to the lockup they were in the custody of State Policemen Knudson and Nasel; and that Knudson had stated in the presence of one C. A. Bennett that he and

Nasel had arrested the defendant. The depositions of Bockman and Bennett were not taken in support of the application, nor even their affidavits presented. The court was strongly of opinion that the admission of the proposed evidence, if produced in accordance with appellant's affidavit, would not likely result in a different verdict if a new trial were granted. The evidence, even if testified to by Bockman and Bennett, as to which there is no assurance, does not bring the case within the decisions justifying the granting of a new trial on the ground of after discovered evidence. See Com. v. Flanagan, 7 W. & S. 415, 423; Com. v. Grasse, 80 Pa. Superior Ct. 480; Com. v. Ezell, 212 Pa. 293; Peterman v. Enggasser, 280 Pa. 528; Com. v. Mellon, 81 Pa. Superior Ct. 21. We find no abuse of discretion on the part of the court below in refusing a new trial on this ground.

The second assignment complains of the refusal of the court to order a nolle prosequi. A nolle prosequi must be the voluntary act of the district attorney or the attorney general. The assent of the court must be had before it can be entered, but the court cannot order it unless the prosecuting officer consents: Com. v. Reed, 65 Pa. Superior Ct. 91.

The third assignment questions the legality of the conviction and sentence because the Act of June 14, 1923, P. L. 718, under which appellant was convicted, was repealed by the Act of May 11, 1927, P. L. 886.

We have already considered this question fully in the cases of Com. v. McNamara, 93 Pa. Superior Ct. 267 and Com. v. Beattie, 93 Pa. Superior Ct. 404, and decided it adversely to appellant's contention. Further discussion is not necessary. The Act of 1923 did not impose a fixed period of imprisonment, but a maximum one. The effect of the Act of 1927 (Sec. 1202-b, P. L. 950) on defendant's conviction was to "reduce the possible period of imprisonment": Com.

v. McNamara, supra, p. 270; Com. v. Beattie, supra. The court below was not bound to impose the penalty fixed by the Act of 1927; but after its effective date the court could not impose a penalty *in excess* of that fixed by that Act.

The assignments of error are overruled. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.