Commonwealth ex rel. Thor *v.* Ashe, Warden.

Argued December 11, 1939. 

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Herbert L. Maris,* for petitioner.

No appearance was made, nor brief filed for Commonwealth.

OPINION BY KELLER, P. J., January 30, 1940:

This petition for writ of habeas corpus raised an unusual question, on which we felt we should have the benefit of an oral argument and briefs of counsel. Accordingly, on November 21, 1939, we entered an order appointing counsel to represent the relator and fixing the argument for the session beginning Monday, December 11, 1939; and the case was accordingly listed by the Prothonotary for that day.

On the day fixed, the District Attorney of Cambria County did not appear himself, or send an assistant, or file a brief, or give us any of the help in arriving at a just decision which we had a right to ask of him as an attorney of this court. Had we been promptly informed that the day set for the argument conflicted with the criminal court schedule of Cambria County, we would probably have fixed another date; although counsel should know that engagements in a lower court give way to engagements in the appellate courts; and from the assistants, whom the district attorney is authorized to appoint, it should have been possible to send a representative for one day. We mention this, because we are unwilling that the action of the district attorney in ignoring our order should be considered a precedent. Hereafter, when we fix a day for the oral argument of a habeas corpus proceeding we shall expect the presence of the district attorney or one of his assistants and the submission of a brief, unless on due application to us either is waived.

The facts which appear from the petition and answers may be stated as follows: On June 10, 1926 a true bill was found by the grand jury of Cambria County against Herman Thor, alias Harry Brown, to 178 June Sessions 1926, charging him with having feloniously stolen a Dodge automobile of the value of $1075 from the Ebensburg Automobile Company on September 11, 1921 (Act of May 1, 1919, P. L. 99, 18 PS sec. 2774).

The case was continued at the four succeeding sessions of the court and on May 27, 1927, the following entry was endorsed on the indictment and a like entry made on the docket of the case: "And now, 27 May 1927 on motion of Dist. Attorney Nol Pros County for Costs with leave to strike off."

On March 11, 1929, without any motion to, order by, or permission from, the court to strike off the nolle prosequi so entered, or any formal entry of such striking off on the indictment or the docket of the case, process was issued by the clerk of the court to the sheriff

to take the body of Harry Brown, it appearing that on March 9, 1929 the record clerk of the Michigan Reformatory at Ionia, Michigan, had notified the warden of the county jail at Ebensburg, Pa., that a release had been received in the case of Harry Brown, No. 11154, alias Harry Smith, alias Harry Taylor, who was wanted in Cambria County, Pa., on a charge of automobile theft; that Brown had signed a waiver of extradition and would be released to a Pennsylvania officer when sent for him; and on March 18, 1929 the sheriff produced the body of Harry Brown as ordered.

No further entries or endorsements appear on the *indictment,* although it contains the following printed blank endorsement "The defendant pleads ——————"; but the following entries appear on the *docket* of the case:

"25 March 1929. Cause reached before Hon. JOHN E. EVANS, Pres. Judge. Defendant pleads guilty.

"25 March 1929. Defendant sentenced to pay the costs of prosecution and undergo imprisonment in the Western Penitentiary at Allegheny County for a term of not less than two and a half years or more than ten years."

Relator was committed, under this sentence, to the penitentiary on March 26, 1929. On March 25, 1934 he was released on parole by authority of the Governor, on recommendation of the Board of Trustees of the penitentiary and the Board of Pardons.

On January 28, 1935, and during the period of his parole, he was sentenced by the Court of Quarter Sessions of Allegheny County, (No. 475 January Sessions, 1935) following a plea of guilty to entering a building with intent to commit a felony, to undergo imprisonment in the Western State Penitentiary for not less than three years, nor more than ten years, "to begin and take effect at the expiration of the sentence for violation of parole the defendant is now serving in the Western Penitentiary."

The relator denies that he ever pleaded guilty to the indictment in Cambria County and seems to have been consistent in this position, but his counsel does not press the point in this proceeding and accepts the record in the docket as verity. While it may not be required—and we are informed it is not the practice in Cambria County—to enter pleas on the indictment we approve of the practice, especially in cases where the defendant pleads guilty. In such cases the plea of guilty should be endorsed on the indictment and signed by the defendant or, if unable to sign his name, his mark should be made and witnessed by the clerk. Such a course would eliminate all question on the subject.

The question before us, therefore, is limited to the effect of the entry of a nolle prosequi, done with the assent of the court, "with leave to strike it off," where no steps were ever taken to strike off the nolle prosequi and reinstate the indictment.

In *Com. v. McLaughlin*, 293 Pa. 218, 223, 142 A. 213, the Supreme Court, speaking through the present Chief Justice, said: "Defendant may still be tried on the indictment charging involuntary manslaughter, notwithstanding that the district attorney entered a nolle prosequi on the indictment. A nolle prosequi is a voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill. At common law it might at any time be retracted, and was not a bar to a subsequent prosecution on another indictment, but it might be so far cancelled as to permit a revival of the proceedings on the original bill: Words & Phrases, 1st Series, vol. 5, p. 4814. Whatever the rule may be elsewhere, such action in this jurisdiction is not a bar to a subsequent indictment for the same offense, or may be so far cancelled as to permit a revival of proceedings on the original bill: *Hester v. Com.*, 85 Pa. 139 [154]; Sadler on Criminal and Penal Procedure in Pennsylvania, p. 351, section 376; *Agnew v. Commissioners of Cumberland County*, 12 S. & R. 94, 96."

While the entry of a nolle prosequi is not the act of the court (*Agnew v. Commrs. of Cumberland Co.*, 12 S. & R. 94) and must be the voluntary act of the district attorney (*Com. v. Reed*, 65 Pa. Superior Ct. 91, 94; *Com. v. Shields*, 89 Pa. Superior Ct. 266, 268; *Com. v. Barnard*, 94 Pa. Superior Ct. 403, 405), since the Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 29, 19 PS sec. 492,[1] it cannot be entered by him "without the assent of the proper court in writing first had and obtained."

It was stated by Mr. Justice DUNCAN, "whose experience in the criminal jurisprudence of the country was more extensive than that of any man of his day,"[2] that the effect of a nolle prosequi is "to put the defendant without day; his recognizance is discharged; but ...... it does not operate as a final dismission of the indictment, for on that indictment fresh process may be awarded": *Agnew v. Commrs. of Cumberland County*, 12 S. & R. 94, 95, (1824).

As the authority of the district attorney under the common law to enter a nolle prosequi of his own motion was modified by the Act of May 3, 1850, P. L. 654, and the Criminal Procedure Act of 1860, supra, which require the approbation or assent, in writing, of the court to the entry of a nolle prosequi to be first had and obtained before the district attorney can enter it, so, we are of opinion, that where a nolle prosequi has been entered by the district attorney with the assent of the court in writing, before it can be retracted, set aside, cancelled or struck off and the bill of indictment revived for further process, the permission or assent of the court must likewise be first had and obtained, and such cancellation or retraction be duly entered. There is nothing in the majority opinion in *Com. v. McLaughlin*, supra, p. 223, which militates against this view, for the court was only discussing the power to proceed on the indict-

---

[1] Substantially re-enacting a like provision in the Act of May 3, 1850, P. L. 654.

[2] BURNSIDE, J. in *Clellans v. Com.*, 8 Pa. 223, 228.

ment which had been nol prossed, and not the necessary steps to be taken in order that the indictment might be revived and process had upon it.

This view is in accord with decisions in other states which do not regard the entry of a nolle prosequi as an end of the prosecution, but permit the district attorney to revoke it or strike it from the record with the permission of the court: *State v. Thornton*, 35 N. C. 256; *Wilkerson v. Wilkerson*, 74 S. E. 740, 741, (N. C.); *State v. Nutting*, 39 Me. 361; *Parry v. State*, 21 Tex. 746. In *Venters v. State*, 18 Texas App. 198, and *Woodworth v. Mills*, 61 Wis. 44, 20 N. W. 728, it was held that the nolle prosequi put an end to the indictment, but did not prevent a new indictment being found. See also, *Reg. v. Allen*, 1 Best & Smith 850, 101 E. C L 850, 854, 855, 121 Reprint 929 (COCKBURN, C. J., CROMPTON, J.); *Reg. v. Ridpath*, 10 Mod. 152, 88 Reprint 670.

We are, therefore, of opinion that the relator's sentence on the bill to No. 178 June Sessions 1926, Cambria County, in the state of the record as it then existed, was invalid, and if the commitment on that sentence were all that warranted his confinement in the penitentiary, he would be entitled to his discharge.

However, there is a valid sentence outstanding against him, viz., sentence on No. 475 January Sessions 1935, Allegheny County, of not less than three years nor more than ten years, to begin and take effect at the expiration of sentence the defendant was then serving. As the sentence to No. 178 June Sessions, 1926, Cambria County, was invalid, the recommitment for violation of parole under it, is likewise affected with its invalidity; and the sentence on No. 475 January Sessions 1935 Allegheny County, must be considered as having begun on the date of relator's commitment on February 2, 1935, making him now eligible for parole if the proper authorities, taking into consideration his past conduct and his having served five years on the invalid sentence aforesaid, see fit to grant it.

It is so ordered.