## Commonwealth v. Stowe

*David E. Groshens,* assistant district attorney, for Commonwealth.

*Victor J. Roberts,* of *High, Swartz, Flynn & Roberts,* for defendant.

DANNEHOWER, J., November 14, 1945.—Defendant was indicted on the charge of aggravated assault and battery upon his wife. When the case was called for trial, defendant's counsel informed the trial judge and the assistant district attorney that defendant had been arrested, given a hearing before another justice of the peace, and had been discharged on the very same charge and occurrence about one hour before his wife had him arrested the second time for the same offense. As the injuries to the wife were not serious and it involved a domestic dispute, the trial judge and the assistant district attorney agreed that a nolle prosequi would be entered.

Later in the day, the wife and her pastor complained to the district attorney and the trial judge that she had been denied justice; that she had been brutally battered and was in mortal fear of future attacks unless her husband, defendant, was punished. Whereupon the district attorney refused to enter a nolle prosequi and listed the case for trial. Thereafter the present petition, rule and answer thereto were filed and argued.

A nolle prosequi in criminal proceedings is nothing but a declaration, a voluntary withdrawal on the part of the prosecuting officer of the present proceedings on a particular bill. It must be the voluntary act of the district attorney with the assent of the court in writing first had and obained: Act of March 31, 1860, P. L. 427, sec. 29, 19 PS §492. A nolle prosequi can only be entered by the prosecuting officer. Such action is practically a stay of proceedings, and is not a bar to subsequent indictment for the same offense: Com. v. McLaughlin, 293 Pa. 218 (1928); Commonwealth v. Shields et al., 89 Pa. Superior Ct. 266 (1926). The court may not enter a nolle prosequi of its own motion without the consent or against the protest of the district attorney: Commonwealth v. Shields et al., supra.

Therefore, as the nolle prosequi was never entered, and the district attorney, after learning additional facts, has refused to enter one, he is wholly within his rights and the rule must be discharged.

And now, November 14, 1945, for the foregoing reasons, the rule to show cause why a nolle prosequi should not be entered is hereby discharged.