## Commonwealth v. Jones

*Sherman K. Levine*, for Commonwealth.

BRAHAM, P. J., March 4, 1952.—This case is before the court upon an application of the district attorney for a nolle prosequi. The ground alleged is the failure of the information returned by the alderman to state an indictable offense.

Upon examination of the return of the magistrate this is found to be correct. The information charges that defendant on February 28, 1952, did unlawfully permit a person whose driver's license had been revoked and not restored to operate defendant's automobile. The information concludes with a statement: "to answer this charge of 620-H Permitting a violation."

The magistrate was in error, if by the language "620-H permitting a violation" he meant to charge a violation of section 620(h) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §231-h. This section prohibits one from operating a motor vehicle after his own license has been suspended. The charge of permitting another whose license has been suspended to drive is properly based on section 622 of the code, 75 PS §233.

Violation of section (h) is a misdemeanor and if such a violation had been charged the case was properly returned to court. But violation of section 622 is

punishable by summary conviction. Therefore the alderman should have heard the case and determined the guilt or innocence of defendant.

The case has not yet been presented to the grand jury. If defendant were asking us to dismiss the information or to quash an indictment based thereon, such relief might have to be granted. However, nothing has been done in this court with respect to the case except that the district attorney has detected the error and his own inability to act, and asks to have the case dismissed.

A nolle prosequi does not operate as an acquital or prevent reindictment in an indictable offense: Hester v. Com. 85 Pa. 139. As an alternative the nolle prosequi may be canceled so as to permit a revival of proceedings on the original bill: Commonwealth v. McLaughlin, 293 Pa. 218, 223; Commonwealth v. Shields, 89 Pa. Superior Ct. 266.

This case was returned to court by the alderman because of a misapprehension of the law. Justices of the peace are commonly unlearned in the law and allowance must be made because of this: Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469; Commonwealth v. Campbell, 22 Pa. Superior Ct. 98. To grant the nolle prosequi would only result in a new proceeding and additional costs. This offense is punishable upon summary conviction. The ends of justice may be served by returning this case to the magistrate to be disposed of by him accordingly: Commonwealth v. Stephens, 21 D. & C. 180. The district attorney is in substantial agreement with these views. Accordingly the court makes the following:

*Order*

Now, March 4, 1952, the motion for nolle prosequi is refused but this case is certified back to the committing magistrate to be dealt with as a case punishable upon summary conviction.