## Commonwealth v. Sheetz

*Theodore A. Parker* and *L. K. W. Deininger*, for appellant.

GAWTHROP, P. J., March 9, 1962.—This matter arises upon certiorari to a justice of the peace before whom defendant was convicted upon radar evidence of a violation of the 50 miles per hour speed limit imposed under the terms of The Vehicle Code. The exceptions in support of defendant's position are: (1) absence of proof that the radar apparatus used was of a type approved by the Secretary of Revenue, (2) absence of proof that official warning signs had been erected on the highway by the proper authority indicating that radar was in operation, and (3) the in-

formation was filed and the prosecution brought under The Vehicle Code of May 1, 1929, P. L. 905, as amended, which had been repealed prior to the date of the alleged violation. After argument the matter is before us for decision. The judgment of the justice of the peace must be set aside.

Radar enforcement of speed limitations imposed by The Vehicle Code of April 29, 1959, P. L. 58, sec. 1002, as amended, 75 PS §1002, is authorized by section 2 of the Act approved April 28, 1961, P. L. 108, 75 PS §1002, subsection (d.1), inter alia, in the following terms:

"Section 1002. Restrictions as to Speed . . .

"(d.1) (1). The rate of speed of any vehicle may be timed on any State highway, including the Pennsylvania Turnpike System, by officers of the Pennsylvania State Police through the use of radiomicrowaves, commonly referred to as electronic speed meters or radar.

"No conviction shall be had upon evidence obtained through the use of radar apparatus unless—

"(i) it is of a type approved by the secretary, and...

"(iii) official warning signs have been erected on the highway by the proper authority indicating that radar is in operation . . . "

The amendment of 1961 creates no new offenses under the code. It merely provides an additional means of proof of violations of limitations as to speed. But it is at once apparent that two prerequisites to use of radar proof of a speeding violation are established by the act itself: (1) proof that the radar apparatus uesd is of a type approved by the secretary; and (2) proof that official warning signs have been erected on the highway by the proper authority indicating that radar is in operation.

This record is devoid of proof of either of such facts and is thus fatally defective. As to necessity of proof of the first fact, see the opinion of President Judge Lencher, in Commonwealth v. Bartley, County Court of Allegheny County, no. C 1692 of 1961, at page 7: "The legislature did not state that all microwave equipment was valid as a means for detecting speed, but rather only that kind of equipment which has first been approved by the Secretary." As to necessity of proof of the second fact, cf. Commonwealth v. Anspach, 134 Pa. Superior Ct. 369, holding that in prosecutions for violations of posted speed limits of 25 or 35 miles per hour under section 1002 (b) of The Vehicle Code of 1929, as amended, absence of proof of the erection of such speed limit signs is a fatal defect and requires acquittal.

The burden of proof of both facts was on the Commonwealth. Its utter failure to prove them is fatal to the prosecution and requires us to set aside the conviction since in the language of the act: ". . . No conviction shall be had upon evidence obtained through the use of radar apparatus unless— . . . " both of such facts are proved in evidence and not merely averred in the information.

In view of the above it is unnecessary to pass upon the third exception, other than to say that both previously at common law: Commonwealth v. McNamara, 93 Pa. Superior Ct. 267, Commonwealth v. Beattie, 93 Pa. Superior Ct. 404, Commonwealth v. T. J. Barnard, 94 Pa. Superior Ct. 403; and presently under the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 82, as amended, 46 PS §582, it is without merit: Bell v. Abraham, 343 Pa. 169.

*Order*

And now, March 9, 1962, the judgment of the justice of the peace is set aside.