GEORGE W. EGBERT, as Superintendent of Banks of the State of New York, Plaintiff, *v.* PEARL ADLER and Others, Impleaded with SAMUEL UNGERLEIDER and Others, Copartners Doing Business under the Firm Name and Style of SAMUEL UNGERLEIDER & Co., Defendants.

Supreme Court, Special Term, New York County, January 8, 1936.

*Carl J. Austrian,* for the plaintiff.

*Mortimer S. Gordon,* for the defendant Samuel Ungerleider & Co.

WALSH, J. This is a motion by the defendant Samuel Ungerleider & Co. for an order dismissing the complaint herein against it on the ground that the same does not state facts sufficient to constitute a cause of action.

The action is brought by the Superintendent of Banks, pursuant to the provisions of sections 80 and 120 of the Banking Law, to recover the assessment levied against the stockholders of the Bank of the United States.

The New York State Constitution (Art. 8, § 7) provides that " the stockholders of every corporation and joint stock association for banking purposes, shall be individually responsible for the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind." To carry out the intention of the constitutional provision the Legislature has provided the form of action to enforce such liability. It has also defined the stockholders against whom liability may be enforced: " 1. Such persons as appear by the books of the bank to be stockholders. 2. Every owner of stock, legal or equitable, although the same may be on such books in the name of another person." (Banking Law, § 120.)

The complaint alleges (¶ 125): " Each of the defendants appearing upon Schedule ' D ' annexed hereto and made part hereof, was on and prior to December 11, 1930, and thereafter, the employer and principal of the individual, firm or corporation appearing opposite the name of such defendant upon such schedule under the caption ' Name of Registered Holder.' Each said defendant caused the number of shares of the capital stock of said Bank appearing opposite his or its respective name upon said Schedule to be registered upon the stock ledger of said Bank in the name of his or its respective employee, nominee or agent, as aforesaid, who has since continued to act as such in holding the record title and nominal ownership of such stock in the course of his, or its, employment by, pursuant to the instructions of, and for and on behalf of his or its respective principal and employer."

Schedule " D," referred to in the above paragraph, contains among others, the following: " Name of defendant, Ungerleider & Co., Samuel; stockholder of record, Bachner, Jerome R.; number of shares, 559; amount due, $13,975."

There is no other allegation in the complaint respecting the moving defendant.

It will be noted that it is not alleged that the moving defendant was a stockholder of record or was the legal or equitable owner of the stock upon which the assessment was levied.

Plaintiff asserts that, as the assessment obligation is contractual in nature, the defendant, even though the stock is not registered in its name, is liable on the theory that where the assessment may be recovered against an agent in whose name the stock is registered, such recovery may also be had against the principal. That it is settled law that a principal is under the duty to respond to contractual obligations incurred by his agent within the scope of his agency, and accordingly the principal in whose behalf an agent or nominee acts in becoming the registered holder of assessable

stock is liable even though such principal is not the legal or beneficial owner of the stock. To support this contention it cites the case of *Broderick* v. *Aaron* (151 Misc. 516), in which the court at Special Term considered the question of the liability of the defendant National City Bank of New Rochelle for an assessment. In that case it appeared that the bank had been the owner of 200 shares of the stock of the Bank of United States which it had registered in the name of its nominee, Rennie & Co. That prior to the time liability for assessment accrued it had sold and transferred the stock to purchasers in good faith and for a valuable consideration and ceased to be the legal or beneficial owner of the stock prior to the date of the closing of the bank. The court, in holding the defendant liable, said: " But it is a familiar rule that a principal is liable for all obligations incurred by its agents within the course of their employment. Rennie & Co. became the registered holder of the stock, acting on behalf of the National City Bank of New Rochelle and continued to be its nominee until the closing of the Bank of United States, and upon the facts as they appear could look to it for indemnity against loss. The National City Bank of New Rochelle is co-extensive with the liability of its agent, Rennie & Co. (*McDonald* v. *Dewey*, 202 U. S. 510; *Geary St., etc., R. R. Co.* v. *Rolph*, 189 Cal. 59; *David* v. *Stevens*, 17 Blatchf. [U. S.] 259.) * * * A fixed and absolute liability is imposed by statute upon designated classes and categories of persons. Rennie & Co. is liable as a stockholder of record. Since the liability was incurred by Rennie & Co., acting in behalf of the defendant National City Bank of New Rochelle, it is also liable."

The cases cited by the learned court do not seem to support the conclusion reached by it. In each of these cases the person against whom liability was asserted was the real or actual owner of the shares and the holding of the courts was that such owner could not, by making a colorable transfer of the stock to a third person, escape the statutory liability imposed on shareholders. It is true that these cases hold that the relation of the real owner to the " dummy " is that of principal and agent and that the real owner is liable for the statutory liability attached to the stock, even though it stands in the name of the " dummy," on the ground that an undisclosed principal is liable on the contracts of his agent. The fundamental difference between these cases and the one now before me, however, is that the liability is predicated on the fact that actual ownership was in the principal, whereas no such ownership is alleged. It follows that the cases cited are not authority for the proposition that where, as here, stock is caused by a person, not alleged to be the actual owner thereof, to be issued in the name

of another person, the principal of the nominee is liable for the assessment which the law imposes upon the record owner.

The statute provides for assessment against record or legal or equitable owners of stock. Though the liability be deemed contractual, it is predicated upon an obligation imposed by statute, which statute, being in derogation of the common law, must be strictly construed and cannot be extended by implication.

The test in all cases is whether or not the person sought to be held is the record or real owner. Liability by reason of record ownership is doubtless imposed on the theory that a person, by holding himself out to the world as the owner, as he does when he permits his name to appear as registered owner on the books of the corporation, estops himself from denying that he is in fact what he represents himself to be. In order, however, not to permit the actual owner, in cases where the stock is registered in the name of another, to evade liability by reason of such registration, the law further provides that, even though the stock be registered in the name of another, the legal or equitable owner is a stockholder subject to the statutory liability.

The Court of Appeals in *Broderick* v. *Aaron* (*Kornberg*) (268 N. Y. 260) indicates that the provisions respecting liability of record owners must be confined to such owners, for, in discussing the purposes of the provisions of the Banking Law respecting stockholders' liability, it says: " Then there may be distinctions between stockholders of record and legal and equitable owners of stock. Such distinctions disappear under the statute in connection with the liability of stockholders of banks. That liability is not to be confined to the ' persons who appear by the books of the bank to be stockholders,' even though, perhaps, no other persons would be in a position to claim against the bank the right of stockholders; for the legal or equitable owner of stock might otherwise evade liability by registering the stock in the name of an irresponsible dummy."

It seems clear that if a legal or equitable owner of stock, in the absence of subdivision 2, could evade liability by registering the stock in the name of another, then certainly liability could not be fastened upon one having neither legal nor equitable ownership who caused the stock to be registered in the name of a dummy. I can find no case where the imposition of liability has been upheld against a person, not shown to be an owner, who has caused shares to be registered in the name of his nominee or agent. The United States Supreme Court, in several determinations, has repudiated the imposition of liability where a person, though not the legal or equitable owner, though having control of the stock, has caused

same to be registered in the name of its agent or nominee, and this, even though the object of such registration was to avoid incurring the statutory liability in the event of the bank's insolvency. (*Anderson* v. *Philadelphia Warehouse Co.*, 111 U. S. 479; *Pauly* v. *State Loan & Trust Co.*, 165 id. 606; *Rankin* v. *Fidelity Insurance, Trust & Safe Deposit Co.*, 189 id. 242.)

Nor is the wording of the complaint sufficient to sustain proof that the defendants are the legal or equitable owners of the stock and, therefore, liable under subdivision 2 of section 120 of the Banking Law. There is no allegation that defendant was the legal or equitable owner of the shares. Consequently the allegation that the employee or nominee of the defendant held record title and nominal ownership of such stock in the course of his employment, pursuant to the instructions of and for and on behalf of his principal and employer, in the absence of any averment that the defendant was the beneficial or legal owner thereof, fails to set forth the ownership by defendant that is necessary to meet the requirements of said subdivision 2. Ownership is the basis of liability and the failure to allege either record or actual ownership renders the complaint insufficient.

The motion is granted and the complaint dismissed as to the moving defendants, with leave to plaintiff, if so advised, to serve an amended complaint within twenty days after service of a copy of the order to be entered hereon, with notice of entry, upon payment of ten dollars costs.