WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Plaintiff, *v.* HERMAN B. BARUCH and Others, Copartners Doing Business under the Firm Name of H. HENTZ & Co., and STELLA K. NEWBORG, Individually and as Surviving Executrix, etc., of MICHAEL P. RICH, Deceased, Defendants, CHARLES BLITZ and MILTON RICHMAN, Impleaded Defendants.

City Court of New York, New York County, January 15, 1941.

*Samuel R. Feller* [*Harrison W. Gebhardt* of counsel], for the plaintiff.

*Bouvier & Beale* [*John S. V. Kilmartin* of counsel], for the defendants Herman B. Baruch and others, as copartners, etc.

*Kurzman & Frank* [*Donald L. Newborg* of counsel], for the defendant Stella K. Newborg.

*Milton Kalman* for the impleaded defendant, Milton Richman.

SCHIMMEL, J. This is an action by the Superintendent of Banks to enforce the statutory liability of a stockholder under sections 113-a and 632 of the Banking Law.

The defendant's decedent, Michael P. Rich, was the owner of fifty shares of stock of the International Union Bank (later known as International Madison Bank and Trust Company). These shares were registered in the name of one Walter Hedding, an employee of the stock brokerage concern through which the shares had been purchased by Mr. Rich, who died on April 12, 1929. After the death of Rich the shares were delivered to his executors, who sold them to one Allen & Company on January 9, 1930. On January 24, 1930, Allen & Company resold thirty-six shares to the impleaded defendant Richman and the remainder to another defendant who has not been served in this action. During all of these successive transfers the name of the record owner remained unchanged. The stock continued to be registered on the books of the bank in the name of Walter Hedding.

On August 5, 1931, the bank went into liquidation; the Superintendent of Banks took possession of the property and business of the bank, determined its insolvency and then ordered an assessment of twenty-five dollars for each share of stock held by the stockholders whose names appeared on the stock ledger of the bank.

As Walter Hedding was the record owner of the stock, the Superintendent brought suit and obtained judgment against him, which, however, has not been collected. The Superintendent now seeks to recover a second judgment on the same assessment, this time against the surviving executrix of the estate of Michael P. Rich, deceased; the defendant Richman has been impleaded by the executrix, who claims that if she is held liable she is entitled to judgment over against Richman with respect to the assessment upon thirty-six shares, upon the ground that the ultimate obligation to pay that assessment devolves upon Richman as the actual owner of those shares at the time the bank went into liquidation.

So long as Mr. Rich owned the stock, Hedding was his agent for the purpose of holding record title. Section 113-a of the Banking Law makes liable to assessment the following:

" 1. Such persons as appear by the books of the bank or trust company to be stockholders;

" 2. Every owner of stock, legal or equitable, although the same may be on such books in the name of another person * * *."

However, when the executors of the estate of Rich sold the shares to another person Hedding then became the agent, not of Rich or of his executors, but of the new owner of the shares; his agency for Rich and for the latter's executors terminated with the sale. Apparently Hedding willingly continued as the record holder of the certificates of stock. At the time of the liquidation he was the agent, for the purpose of holding record title, of the persons who were then the actual owners.

Rich and his executors were neither owners of record nor legal or equitable owners of the shares at the time of the liquidation. Hence, the defendant, the surviving executrix of the late Mr. Rich, may not be held liable for the assessment.

I think that this is consonant with the views expressed in *Broderick v. Aaron* (264 N. Y. 368). I cannot agree with the conclusion reached in *Broderick* v. *Aaron — Rennie & Co., National City Bank of New Rochelle* (151 Misc. 516, at p. 526). It is incumbent upon one who permits his name to be used as record owner to ascertain the actual ownership of the stock in order that he may be in a position to seek indemnification from the actual owner at the t'me of liquidation. Unless actual ownership is fraudulently concealed from him or misrepresented to him, it seems to me that the dummy record owner is entitled to indemnification only from the person who is the real owner when the liquidation proceedings are instituted.

Similarly, the Superintendent of Banks may have recovery only against the record owner and the legal or equitable owner. As hereinabove pointed out, the statute (Banking Law, § 113-a) is quite specific in that respect and is not to be " extended by implication." As was said in *Egbert* v. *Adler* (158 Misc. 588, at p. 591): " The statute provides for assessment against record or legal or equitable owners of stock. Though the liability be deemed contractual, it is predicated upon an obligation imposed by statute, which statute, being in derogation of the common law, must be strictly construed and cannot be extended by implication."

Accordingly, judgment may be entered in favor of the defendant Stella K. Newborg, as surviving executrix of the estate of Michael P. Rich, deceased, dismissing the complaint on the merits. Judgment is also rendered upon the cross-claim of the surviving executrix against the impleaded defendant Milton Richman, in favor of the impleaded defendant.