(Argued June 6, 1935; decided July 11, 1935.)

*William D. Whitney, Samuel B. Stewart, Jr.*, and *Sidney Wedeen* for appellants. The new company, having acquired its stock after the Superintendent took possession of the bank, is not liable to assessment. (*Chase* v. *Lord*, 77 N. Y. 1; *Pollard* v. *Bailey*, 87 U. S. 520; *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; *Broderick* v. *Britting*, 147 Misc. Rep. 363; *Skinner* v. *Home Bank of Brooklyn*, 190 App. Div. 187; *Broderick* v. *Aaron*, 264 N. Y. 368; *Attorney-General* v. *North America Life Ins. Co.*, 82 N. Y. 172; *Matter of Equitable Reserve Fund Life Assn.*, 131 N. Y. 354; *Matter of Union Bank*, 204 N. Y. 313; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280.)

*Harold N. Cohen, Edward Feldman, Warren C. Fielding, Isadore H. Cohen* and *Carl J. Austrian* for respondent. The new company became a stockholder and liable for the assessment under subdivision 2 of section 120 of the

Banking Law (Cons. Laws, ch. 2). (*Corning* v. *McCullough,* 1 N. Y. 47; *Cochran* v. *Wiechens,* 119 N. Y. 399; *Lowny* v. *Inman,* 46 N. Y. 119; *Wiles* v. *Suydam,* 64 N. Y. 173; *Bailey* v. *Hollister,* 26 N. Y. 112; *Van Tuyl* v. *Schwab,* 174 App. Div. 665; 220 N. Y. 661; *Howarth* v. *Angle,* 162 N. Y. 179; *Broderick* v. *Normandie Nat. Securities Corp.,* 240 App. Div. 409; 265 N. Y. 540; *Broderick* v. *Adamson* [*Dixon & Co.*], 240 App. Div. 202; *Persons* v. *Gardner,* 113 App. Div. 597; 188 N. Y. 571; *Lafayette Trust Co.* v. *Beggs,* 213 N. Y. 280; *Matter of Union Bank,* 147 App. Div. 593; 204 N. Y. 313; *Lafayette Trust Co.* v. *Higgenbotham,* 136 App. Div. 747; *Yokohama Specie Bank* v. *Chinese Merchants Bank,* 219 App. Div. 256; *People* v. *St. Nicholas Bank,* 77 Hun, 159; *Higgins* v. *Worthington,* 90 Hun, 436; *Van Tuyl* v. *Robin,* 160 App. Div. 41; *Mosler Safe Co.* v. *Guardian Trust Co.,* 208 N. Y. 524; *Wheeler* v. *Werner,* 140 App. Div. 695; *Richards* v. *Ackerman,* 175 App. Div. 746.)

LEHMAN, J.   The Superintendent of Banks took possession of the Bank of United States on December 11th, 1930.   William Kornberg Co., Inc., was at that time the owner of ten shares of its capital stock.   On December 26th Wilco-Kornberg Co., Inc., a domestic corporation, was organized and for a valuable consideration purchased and acquired all the assets of William Kornberg, Inc., including the ten shares of stock of Bank of United States, and has since continued to be the legal and equitable owner of these shares.   In an action brought pursuant to the provisions of sections 80 and 120 of the Banking Law (Cons. Laws, ch. 2) against the stockholders of the bank, judgment has been rendered against the Wilco-Kornberg Co. as well as against other stockholders.   The question presented upon this appeal is whether a person who acquires stock in a banking corporation after the Superintendent of Banks has taken possession of its business and assets is subject to the liability imposed by law upon stockholders of a bank.

" The stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind." (New York Const. art. VIII, § 7.) Even without such provision, those who own and conduct a banking business for profit would be liable for all its debts and liabilities, except where under sanction of law they conduct the business under a corporate form with consequent restriction or exemption from liability. The Legislature sanctions the conduct of banks by corporations or joint stock associations, but with the restrictions imposed by the Constitution, perhaps enlarged by statute, that the stockholders shall be individually responsible to the amount of their respective share or shares for all its debts and liabilities.

The Constitution permits no legislative limitation upon the individual responsibility of stockholders, and permits no exemption of particular classes of stockholders. The provisions of the Constitution are couched in general terms. They refer to the " stockholders " without defining whether those who are to be held responsible are the stockholders of record, the legal owners of the stock, or the equitable owners.

Within the corporate structure a stockholder's status is, ordinarily, created only by transfer of stock upon the corporate books; and in relation to rights against the corporation and obligations owed to the corporation, a " stockholder " is, ordinarily, a person who appears to be the owner of the stock upon the books of the corporation. Perhaps in the Constitution the word " stockholder " is used in that sense; yet, by contract of sale or transfer of stock certificate, such a stockholder may, as between himself and another, have divested himself of all right to retain any benefit received as a " stockholder," and equitably the person entitled to receive

from the "stockholder" of record the benefits of stock ownership, should also relieve the stockholder of record of the liabilities inherent in such ownership. Enforcement of such liabilities by the State then depends upon formulation of rules or tests to determine when liability arises, upon whom it falls, and how long it continues. The Constitution is silent upon these matters. It is silent, too, as to how the "stockholder's" responsibility shall be enforced. The Legislature has power to supply these omissions for the purpose of carrying out the intent of the constitutional provision.

The Legislature has provided a form of action to enforce stockholders' liability. It has provided the preliminary steps to be taken and the period within which the action must be brought. It has for such purpose defined "stockholders" as "1. such persons as appear by the books of the bank to be stockholders; 2. every owner of stock, legal or equitable, although the same may be on such books in the name of another person * * *." Upon all such persons, responsibility is now imposed by statute and against all such persons an action to enforce liability may be maintained, regardless of whether all such persons are "stockholders" within the meaning of the Constitution. The Legislature had power to enact such provisions which, perhaps, extend, but certainly do not restrict, the class upon which liability is imposed by the Constitution. (Banking Law, § 120.)

The purpose of these provisions is clear. The charter or by-laws of a corporation or a general law may provide the manner in which a person acquires title to corporate stock or beneficial rights therein. Then there may be distinctions between stockholders of record and legal and equitable owners of stock. Such distinctions disappear under the statute in connection with the liability of stockholders of banks. That liability is not to be confined to the "persons who appear by the books of the bank to be stockholders," even though, perhaps, no other

persons would be in a position to claim against the bank the right of stockholders; for the legal or equitable owner of stock might otherwise evade liability by registering the stock in the name of an irresponsible dummy. The burden of liability is to be borne by any persons who are legal or equitable owners if they can be found; but the record owner of the stock remains liable even after he has parted with ownership of the stock, except that, as provided in the same section of the Banking Law, " no person who has in good faith, and without any intent to evade his liability as a stockholder, caused his stock to be transferred on the books of the bank when such bank is solvent to any resident of this state of full age previous to any default in the payment of any debt or liability of the bank, shall be subject to any personal liability for any contracts, debts or engagements of the bank."

Thus the Legislature has provided a practical method of enforcement of the liability of stockholders of a bank which cannot be evaded by failure of the real owner to register his stock or by transfer of stock on the books of the bank by a record owner which is not made in good faith while the bank is solvent, and before any default in the payment of any debt or liability. The statute, like the Constitution, is, however, silent as to whether a person who has become a " stockholder " within the statutory definition after the bank has become insolvent or after default, and after it has ceased to do business, is subject to any liability.

It does not appear that on December 11, 1930, when the Superintendent of Banks took possession of the business of the Bank of United States, or on December 26th, when the appellant acquired its stock, the bank was actually insolvent. At that time negotiations were pending for the reorganization of the bank, and if those negotiations had been successful the bank would have reopened. There was possibility, too, that even if the

bank were liquidated, a substantial surplus over liabilities might be realized. The stock of the bank, even after it closed, still had a substantial market value. None the less the closing of the bank occasioned an automatic default in the payment of its debts and liabilities. (*People* v. *Merchants' Trust Co.*, 116 App. Div. 41; affd., 187 N. Y. 203.) It could not continue to conduct the business of a bank unless permission to reopen were thereafter given. A person who thereafter acquired stock in the bank might become the owner, legal or equitable, of stock in the corporation, and entitled to the benefits flowing from such ownership if the bank was permitted again to conduct its business or if upon liquidation a surplus remained for distribution among the stockholders. Nevertheless, such an owner of stock, so long as the bank remains closed, is not a stockholder of a corporation which conducts or has power to conduct a bank. Corporate power to conduct a bank has been terminated, or at least indefinitely suspended, and in this case has not been restored. Is a person who then acquires ownership of stock a stockholder of a " bank " or of a " corporation and joint-stock association for banking purposes " within the meaning of the Constitution or statute?

The question is narrow. We do not now determine whether a person who becomes a stockholder in a bank or corporation, which though insolvent or in default in payment of a debt or liability, yet continues to transact business, is subject to personal liability. We may now pass only upon the question of whether such liability is imposed upon the owner of stock in a corporation which did not and could not conduct a bank after the acquisition of the stock.

By express provision of the statute, a record owner of stock in the banking corporation could not after that time relieve himself of responsibility for the debts and liabilities of the bank by transfer, even in good faith, upon the books of the bank. By clear implication from

the express language of the statute, an owner of stock other than an owner of record, could not after that time relieve himself of such responsibility by sale or transfer of the stock. On the date of the closing of the bank, the creditors had a right to look to the personal responsibility of those who were then its " stockholders." Those stockholders could thereafter transfer any rights as stockholders which they still possessed. Perhaps the persons who thus acquired these rights might as between themselves and their assignors become subject to some correlative burdens, which we do not now attempt to define. The stockholders could not, however, shift or transfer their responsibilities or obligations to which they were then subject by law, for the law permits no such shift or transfer. It follows, then, that if the new owners of the stock are to be held responsible for debts and liabilities of the closed bank, it must be because the Constitution or statute imposes such liability and not because it passed to them by transfer.

We fail to find in the law any indication of intent to hold responsible for the debts and liabilities of a bank, those who acquired stock in a banking corporation after it had ceased to do business as a bank under a mandate of the State. Until then, the responsibility could be shifted from one person to another by transfer of stock. Thereafter the responsibility became irrevocably affixed to those who were then " stockholders." Those who thereafter acquired the stock were at no time stockholders in a corporation which conducted, or which had power to conduct, a bank. They at no time as stockholders shared in the control of a banking corporation. They at no time shared in the profits derived from a banking business. None of the reasons which led the State to restrict exemption from personal responsibility of stockholders in banks apply to persons who acquired stock after the bank was closed. Nowhere in the statute or Constitution can be found any clear indication that not

only those who were stockholders when the bank closed, are to be held responsible, but also those who acquired stock thereafter. On the contrary, it seems clear that the status of " stockholders " must, under the statute and for purposes of the statute, be fixed as of a particular date, and when that status is fixed the class of " stockholders " becomes unchangeable.

That date cannot be later than the date of the closing of the bank, when such closing is followed by liquidation. Earlier insolvency or default in payment of some obligation, may, as we have said, finally fasten liability for debts of the bank upon those who at that time were its stockholders, yet so long as the bank continues to do business, other persons may still become stockholders in the corporation conducting that business, and perhaps become responsible for the debts and liabilities of that business. The class of " stockholders " responsible for such debts may perhaps then still remain open to admit such new stockholders. Consideration of that problem may be postponed until directly presented. By the closing of the bank the right of the corporation to conduct a banking business is terminated, or at least suspended. Though even after such closing, stockholders may still transfer their stock, and the new owners thus obtain the status of stockholders, what passes to them by such transfer is only a stockholder's rights in a corporation which is temporarily or permanently without power to conduct a bank. If the bank fails to reopen, if its assets are insufficient to meet its liabilities, then these new stockholders of the corporation at no time become stockholders in a bank or in a " corporation for banking purposes " within the letter or spirit of the law, and they are not subject to personal responsibility for its debts or liabilities.

Construction placed by courts of other jurisdictions on statutes governing obligations of persons who become stockholders of corporations after a liquidator or receiver has taken possession, furnish no guide to us in this case.

We are told by diligent counsel that only in *Matter of National Bank of Wales* ([1897] 1 Ch. 298) has such question been decided in any jurisdiction. Even there the statute was couched in quite different language, and the factors which the court regarded as decisive are absent here.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, without costs, upon the appeal of Wilco-Kornberg Co., Inc. The appeals of William Kornberg and William Kornberg Co., Inc., should be dismissed, without costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.