MAX H. RUBINSTEIN, Plaintiff, *v.* SYLVESTER W. LAWSON and CLEMENT F. LAWSON, Individually and as Copartners, etc., Appellants, and MELVILLE W. WIEN and Others, Individually and as Copartners, etc., Respondents, and SAMUEL ENGLANDER and Others, Individually and as Copartners, etc., Defendants.*

Supreme Court, Appellate Term, First Department, February 16, 1937.

* Affg. 159 Misc. 658.

*Frederick E. King* [*James H. Herbert* and *Thomas W. E. Joyce* of counsel], for the appellants.

*Philip C. Samuels* [*Philip C. Samuels* and *Max Lazarus* of counsel], for the respondents.

LYDON, J. Plaintiff was a stockholder of record in the Bank of United States when the bank was closed by the Superintendent of Banks. He was the record owner of twenty shares of the stock. On December 10, 1930, he sold this stock to the firm of Englander, Birnbaum & Co. That firm, on the day before, had sold thirty unidentified shares of the bank stock to the firm of M. S. Wien & Co. On December tenth, M. S. Wien & Co. sold twenty-five unidentified shares of the stock to the firm of Lawson & Co. On December 11, 1930, the Superintendent of Banks took possession of the bank before the opening of business and the bank has been closed ever since.

On December 11, 1930, the Englander firm delivered to M. S. Wien & Co. thirty shares of the stock in fulfillment of their contract of sale of December ninth. Among the certificates included in this delivery was one for the twenty shares standing in plaintiff's name. On the same day M. S. Wien & Co. delivered to Lawson & Co. twenty-five shares of the stock in fulfillment of their contract of sale of December tenth. Included in this delivery was the certificate for the twenty shares which had originally belonged to plaintiff.

On December 11, 1930, after the closing of the bank, Lawson & Co. sold to M. S. Wien & Co. 245 shares of the bank stock, which they later delivered. Among the certificates so delivered was one for the twenty shares in plaintiff's name.

Plaintiff having been the stockholder of record of twenty shares when the bank closed, became liable for an assessment of twenty-five dollars per share later levied by the Superintendent of Banks. Action was brought against him by the Superintendent and he

paid the assessment. He then brought the present action for reimbursement, making the Englander, Wien and Lawson firms parties defendant. Later, on the stipulation of plaintiff and the Lawson firm, the action was discontinued against that firm. In the meantime, however, M. S. Wien & Co. had moved for leave to set up a cross-claim against Lawson & Co. That motion was subsequently granted and M. S. Wien & Co. cross-claimed for the amount of any judgment that might be rendered against them. Lawson & Co. likewise cross-claimed against M. S. Wien & Co. for the amount of any judgment that might be rendered against them.

The judgment below awarded recovery to plaintiff against his vendees, the Englander firm, and gave that firm judgment over against M. S. Wien & Co. These adjudications are not questioned on this appeal.

The determination below further gave the firm of M. S. Wien & Co. judgment over against their vendees, Lawson & Co. and dismissed the cross-claim of Lawson & Co. against the Wien firm.

Lawson & Co. appeal. They ask either that the judgment of M. S. Wien & Co. against them be reversed or that their cross-claim against that firm be recognized and offset against it.

The first question before us is whether M. S. Wien & Co. were entitled to judgment against Lawson & Co.

When M. S. Wien & Co. contracted to sell twenty-five unidentified shares of the bank stock to Lawson & Co. on December tenth, and followed that sale by a delivery of certificates for that number of shares on December eleventh, they did not thereby divest themselves of any obligation to their vendors which attached to their ownership of the stock on December tenth. Nevertheless, as between themselves and their vendees they had the right to insist that the latter should be regarded as the owners of the stock on December tenth and, therefore, liable over to them. Although the existence of such liability was not actually decided in *Broderick* v. *Adamson* (*Grief*) (270 N. Y. 260), the conclusion appears to us to follow from the reasoning of the opinion in that case. Since this obligation springs from the contract of sale (*Grief Case, supra,* p. 266), the fact that that contract was made by Lawson & Co. for undisclosed principals would not relieve them from liability, and there was no error in the rejection of evidence of the agency.

We now come to the question of the validity of the offset claimed by Lawson & Co. This claim grows out of the sale and delivery by Lawson & Co. of the same twenty shares to M. S. Wien & Co. after the closing of the bank. A possible right of indemnity in such a case has been suggested (*Broderick* v. *Aaron* [*Kornberg*],

268 N. Y. 260, 267), but the question was not decided. We find it unnecessary to decide it here. Assuming a right of indemnity to exist in favor of the seller in such a case it can be enforced against his vendee only so long as the latter remains the owner of the stock. (*Broderick* v. *Aaron* [*Rice*], 264 N. Y. 368.) Here we find no claim and no evidence that M. S. Wien & Co. were the owners of the twenty shares at the time when Lawson & Co. became subject to liability by reason of the assessment made by the Superintendent of Banks. And this deficiency in proof cannot be supplied by any presumption of continued ownership for the case is not such as to justify such an implication. (Wigmore Ev. § 437.) The fact that a broker or dealer in stock owns certain shares on a given day does not justify an inference that he continued to own them at a later time.

We find no merit in appellants' contention that the cross-claim of M. S. Wien & Co. should not have been allowed to be set up against them because plaintiff had discontinued his action against them.

Judgment and order affirmed, with twenty-five dollars costs.

HAMMER and FRANKENTHALER, JJ., concur.