Henderson, Appellant, *v.* Gill et al.

Argued April 20, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Charles Hasson,* with him *Robert A. Henderson,* for appellant.

*Reuel Somerville,* for appellees.

OPINION BY BALDRIGE, J., July 15, 1937:

William J. Gill died on the 30th of May, 1931, leaving a will, wherein the First National Bank of Patton was named executor. It filed a first and final account on August 21, 1934, which was confirmed absolutely on the 3d of December. Attached to the account was an exhibit containing a list of the unadministered assets, totalling $12,225.45, which included 25 shares of the capital stock of the First National Bank of Patton. The account was audited by the orphans' court on December 7th and a schedule of distribution was filed the same day. This was followed by an absolute confirmation on January 18, 1935.

On March 5, 1933, the First National Bank of Patton closed its doors, and thereafter Robert A. Henderson, the plaintiff herein, was appointed receiver. The Acting Comptroller of the Currency of the United States subsequently directed that each of the stockholders of the bank be assessed the par value of the stock held or owned by them, respectively, at the time of its failure, with directions to take all necessary proceedings, by suit or otherwise, to enforce the individual liability of the shareholders.

On January 18, 1935, Telford C. Gill and Francis X. Young were duly appointed administrators d.b.n.c.t.a. of the estate of William J. Gill. The receiver of the First National Bank of Patton served notice on Young that a stock assessment would be levied against the Gill estate. On the same day, the bank, as executor, delivered to Gill and Young all the un-

administered assets of the estate, including the 25 shares of bank stock, and received a receipt therefor, as well as a release stating that the bank, as executor, and Henderson, as receiver, were discharged from all claims and liability, the *administrators* requesting therein that the orphans' court enter a decree discharging the bank as executor. On the 20th of February, actual notice of the stock assessment made by the Comptroller of the Currency was served on Gill, administrator. The orphans' court, on May 24, 1935, discharged the bank as executor, and released it and the receiver from all liability in connection with the administration of the Gill estate.

The administrators refused to pay the assessment and thereupon an action of assumpsit was brought. A verdict was obtained in the court below. Thereafter, the court sitting in banc entered judgment for the defendants n.o.v. Hence this appeal.

The defense set up to plaintiff's claim was that the executor, in failing within the time provided by law to file an account and dispose of the personal estate, including the bank stock, which had been appraised at $100 per share and was marketable, was guilty of a dereliction of duty.

It is unnecessary to discuss or determine the question of the liability of the bank as executor, as, in our judgment, its alleged negligence as executor is not a defense to the present cause of action brought by the receiver for a stock assessment.

It is a settled law that a stockholder of a national bank may not cancel his assessment, in part or in whole, by offsetting an individual claim against the bank. He must pay his full assessment to the receiver and then take his chances with other creditors of recovering all or a portion of any debt that may be due him by the bank; *Scott v. Latimer,* 89 F. 843, in 172 U. S. 649. cert. denied. As said in *Hobart v. Gould* (D. C. N. J.,

1881), 8 F. 57, 58: "The liability to be enforced against the shareholder is not a debt due to the bank, but is a sum of money equal to the par value of his stock, payable by him to the receiver as an officer of the government by force of the law and the assessment authorized and made by the comptroller. The effect of allowing such a setoff is to give the shareholder an advantage over other creditors. It practically pays his debt in full, and, by leaving so much less for others, diminishes his liability as a stockholder, which it was clearly the design of the law to impose." See, also *Wingate v. Orchard* (9th C. C. A., 1896), 75 F. 241; *Roth v. Baldwin,* 74 F. (2) 1003 (D. C. C. A., 1934), cert. denied 295 U. S. 737, 79 L. ed. 1684.

If the appellees have a valid claim against the bank as executor, they are entitled to share in any funds in the hands of the receiver available for general claims; but it may not be set off against the assessment made by the appellant receiver.

Judgment of the court below is reversed, and judgment is ordered to be entered on the verdict.