## Bell, Secretary of Banking, Receiver, Appellant, *v.* Abraham.

170

Argued October 7, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Ira R. Hill,* with him *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*A. M. Simon,* with him *E. J. McGinness, H. R. Levy, David Roth* and *Frank R. S. Kaplan,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 24, 1941:

The questions on this appeal arise out of an action in assumpsit instituted by the secretary of banking to recover an amount equal to 100% of the par value of the capital stock held by a shareholder of an insolvent bank in possession of the secretary by virtue of the Banking Act of 1923, P. L. 809.

S. H. Abraham, appellee, is owner of 50 shares of the capital stock of the Pennsylvania Deposit Bank of McKeesport, a bank of discount and deposit, organized in 1928, under the provisions of the Act of May 13, 1876, P. L. 161. Section 5 of that act provides as follows: "The shareholders of any corporation formed under this act, shall be individually responsible, equally and ratably, but not one for the other, for all contracts, debts and engagements of such corporation to the amount of their stock therein at the par value thereof in addition to the par value of such shares." On January 27, 1932, the secretary of banking entered into possession of the bank, pursuant to the provisions of the Banking Act of 1923, and on March 22, 1932, in the exercise of discretion imposed in him by the act, concluded to liquidate the affairs of the institution. Ascertaining from an examination of the affairs of the bank that its assets were insufficient to pay creditors in full, the secretary, on May 31, 1934, determined to enforce the individual liability of the shareholders and in accordance therewith sent out notices of such assessments, payable June 30, 1934. The assessment to be collected was a 100% assessment. Appellee not having paid the amount of his assessment, this suit was instituted to recover the sum of $2500, with interest from June 30, 1934. By affidavit of defense raising questions of law, appellee denied liability on the grounds (1) that the Act of May 13, 1876, is unconstitu-

tional as special class legislation, contrary to Article III, section 7, of the Constitution of Pennsylvania and the XIVth amendment to the United States Constitution, and (2) that the Act of 1876, upon which the assessment was based, had been repealed by the Banking Code of May 15, 1933, P. L. 624. The court below found the Act of 1876 to be constitutional, relying upon the decision of the Superior Court in *Harr v. Boucher,* 142 Pa. Superior Ct. 114, but entered judgment for appellee on the second ground. The secretary of banking has appealed.

The Banking Code of 1933 provides, in section 614, that "As to deposits in, and claims outstanding against, banks, bank and trust companies, or trust companies, upon the effective date of this act, *the liability of shareholders shall be as heretofore provided by law",* until terminated in accordance with other provisions none of which are applicable under the circumstances here presented. In *Harr v. Boucher,* supra, the Superior Court, in addition to passing upon the constitutionality of the Act of 1876, which is not involved on this present appeal, held that the above-quoted provision from section 614 of the Act of 1933 amounted to a re-enactment of the existent laws relating to individual liability of shareholders in banks, bank and trust companies, and trust companies organized prior to the effective date of the act, which as to banks of discount and deposit could be found only in the Act of 1876, and that it negatived any implied repeal of section 5 of the Act of 1876, but the court apparently did not consider the effect of a provision in section 1602 of the Act of 1933, expressly repealing the Act of 1876 in its entirety. Conceding that the effect of section 614 was "to re-enact the liability provisions of the Act of May 13, 1876, P. L. 161", the court below nevertheless concluded that "as of the effective date, July 3, 1933, of the new Act of 1933, the old Act of May 13, 1876, [including the provision, in section 5, for added liability of shareholders of corporations formed under that act] ceased to exist", on

the ground that the provision for the retention of liability contained in section 614 of the Act of 1933 conflicted with the provision in section 1602, expressly repealing the entire Act of 1876, which, being the last in order of position as between the two sections, must prevail.

Section 614 of the Act of 1933 is not in conflict with section 1602, the repealer section, within the contemplation of the familiar rules applicable in determining which of two irreconcilable clauses in the same law shall prevail. If, as the court below held, this were so, then the same reasoning would as effectively dispose of all provisions of the act constituting re-enactments of prior laws repealed by section 1602, leaving nothing of the old laws and little of the new other than the repealer section itself. In giving due force to the repealer section of the act effect must also be given the fact of re-enactment of the repealed laws into what the legislature has designated its "Banking Code". The rule is stated in *Haspel v. O'Brien*, 218 Pa. 146, 149, as follows: "Where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect, according to the great weight of authority, is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced. This rule is particularly sound and applicable in the construction and interpretation of an act . . . which is a revision and consolidation for clearness, certainty and convenience of all the prior statutes on the subject, a partial codification to the purpose of which amendment or change was only incidental". To this same effect see: *Erie v. Piece of Land*, 339 Pa. 321, 324-25; *Harvey v. City of Hazleton*, 81 Pa. Superior Ct. 1, 7; *Com. v. McNamara*, 93 Pa. Superior Ct. 267, 271; Endlich, Interpretation of Statutes (1888), section 490; Statutory Construction Act of May 28, 1937, P. L. 1019, section 82. While the point has not been raised, it may .be noted, in passing, that since section 614 of the Act of 1933 merely

incorporates the general law in force at the time, and does not refer to any particular statutes or parts thereof, no violation of Article III, section 6, of the constitution, which declares that "No law shall be revived, amended or the provisions thereof extended or conferred, by a reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length", is involved. See: *Pittsburgh's Petition*, 138 Pa. 401, 428-29; *Knisely v. Cotterel*, 196 Pa. 614, 634-35; *Guenthoer's Estate*, 235 Pa. 67, 73-74.

We conclude, therefore, that the clearly expressed legislative intent in section 614 of the Banking Code of 1933, to continue the prior law governing the liability of shareholders, including the provisions of section 5 of the Act of 1876, in force without intermission, unless and until such liability may have been terminated in the manner provided, must be given effect, notwithstanding the express repeal of the Act of 1876. If there were any doubt as to this intent, arising by reason of section 1602, the repealer section, speculation is plainly foreclosed by section 4(B) of the act, entitled "Saving Clause". In that clause it is expressly declared as follows: "Except as otherwise specifically provided in this act, the provisions of this act shall not affect any act done, *any liability, duty, or obligation incurred,* or any right accrued, prior to the effective date of this act, nor shall they affect *any suit* or prosecution pending, or *to be instituted to enforce any right or penalty,* or to punish any offense *under the authority of any act repealed* or superseded by this act". While, of course, no cause of action could accrue against the shareholders until May 31, 1934, when the extent to which the liability would have to be enforced had first been ascertained and an assessment made, and the statute of limitations would not begin to run until that date, each shareholder, upon his becoming such, incurred a liability, duty, or obligation, said in *Kirschler v. Wainwright,* 255 Pa. 525, 533, to be "akin to that of a member of a mutual insurance company fixed

with the obligation to pay a proportionate share of losses", which liability continues throughout the period of his ownership of the stock. To the same effect see: *Aultman's Appeal,* 98 Pa. 505, 513, 515; *Dreisbach v. Price,* 133 Pa. 560, 572; *Harr v. Boucher,* supra, 139. See also: *Bernheimer v. Converse,* 206 U. S. 516, 529; *Rogers v. Merchant,* 91 F. (2d) 660, 663. The phrase "except as otherwise specifically provided in this act" obviously refers to the enacting portions of the act only and we find nothing therein to relieve appellee from liability "as heretofore provided by law".

In view of our conclusion that the liability provided for by section 5 of the Act of 1876 has not been repealed by the Banking Code of 1933, whether the liability so imposed is "purely statutory" or is "contractual", in the sense that its repeal would constitute an impairment of the obligation of a contract contrary to either the State or Federal Constitution, becomes immaterial to a disposition of this appeal.

The judgment is reversed and the record is remitted for further proceedings.