Bell, Secretary of Banking, *v.* Cabalik, Appellant.

Argued December 3, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George F. Taylor,* with him *Alter, Wright & Barron,* for appellant.

*Horace Thomas, Jr.,* with him *John W. Lord, Jr.,* Special Deputy Attorneys General, *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

*Frank R. S. Kaplan,* with him *David Roth,* for interested party.

*George Wasser,* for interested party.

PER CURIAM, January 5, 1943:

This appeal is from a judgment entered for want of a sufficient affidavit of defense in an action of assumpsit brought by the Secretary of Banking, as receiver of Pittsburgh-American Bank and Trust Company, to recover from a stockholder a stock assessment equal to the par value of her shares.

The questions raised by the appeal are the following: (1) Is the provision for shareholders' individual liability contained in section 5 of the Act of 1876, P. L. 161, violative of Article III, section 3, of the Constitution of Pennsylvania? (2) As applied to banks of deposit organized under the Act of 1876 and acquiring trust powers under the Act of 1919, P. L. 1032, does section 5 of the Act of 1876 contravene section 1 of the XIVth. Amendment to the Constitution of the United States? (3) Is the claim of the Secretary of Banking barred by the statute of limitations where suit is brought promptly following the making of the assessment but the assessment was not made until more than six years after the Secretary entered into possession of the bank and determined to liquidate its affairs? (4) Where corporations originally formed under the Act of 1876 subsequently merge, in accordance with the provisions of the Act of 1909, P. L. 408, are the shareholders of the resultant corporation absolved from the individual liability imposed by section 5 of the Act of 1876, in the absence of an express provision to the contrary in the Act of 1909 or the agreement of merger?

Questions (1), (2) and (3) must be answered in the negative for reasons considered at length in the opinion of the Superior Court in *Harr v. Boucher*, 142 Pa. Superior Ct. 114, and in our own decisions in *Kirschler v. Wainwright*, 255 Pa. 525, *Gordon v. Winneberger*, 310 Pa. 362, and *Bell v. Abraham*, 343 Pa. 169. Anything that might be said on these points would be merely repetitious. And we all agree that a similar answer must be given on the remaining question. To hold otherwise would result in the anomalous situation that of

three corporations organized under the Act of 1876 the stock-holders of the two merged under the Act of 1909 would divest themselves of their statutory liability while those of the third corporation would continue to bear it—and this notwithstanding that the Act of 1909 provides, in section 3, that "all rights of creditors . . . of each of said corporations shall continue unimpaired, and the respective constituent corporations may be deemed to be in existence to preserve the same." We are unable to find in the act any such legislative intent.

Judgment affirmed.