Freeman, Secretary of Banking, Appellant, *v.* Hiznay et al.

Argued January 12, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused April 11, 1944.

*Leo W. White,* with him *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Frank L. Pinola,* for Hiznay, appellee.

*John Menovsky,* for Dodson, appellee.

OPINION BY MR. JUSTICE HORACE STERN, March 20, 1944:

Where a banking corporation whose shareholders were individually responsible for its debts to the amount of the par value of their stock in addition to the par value of the shares, entered into consolidation with a title insurance and trust company whose shareholders

were not so responsible, and the consolidated company was subsequently taken over by the Secretary of Banking as receiver because of insolvency, are the shareholders of the consolidated corporation, or any of them, individually liable for its debts, and if so to what extent? That is the question here presented.

The Slavonic Deposit Bank, the title of which was subsequently changed to Pennsylvania Bank and Trust Company of Wilkes-Barre, was incorporated in 1912 under the Act of May 13, 1876, P. L. 161, to carry on the business of banking. Liberty State Bank and Trust Company was incorporated in 1923 under the Corporation Act of April 29, 1874, P. L. 73, to carry on the business of insuring titles to real estate. In 1929 Pennsylvania Bank and Trust Company of Wilkes-Barre and Liberty State Bank and Trust Company, both of which corporations were then solvent, entered into an agreement to consolidate under the name Pennsylvania Liberty Bank and Trust Company, and in January, 1930, letters patent were issued to the consolidated corporation. At that time Pennsylvania Bank and Trust Company of Wilkes-Barre had a capital stock of $200,000, divided into 2,000 shares of a par value of $100 each, and Liberty State Bank and Trust Company had a capital stock of $250,000, divided into 5,000 shares of a par value of $50 each. Pennsylvania Liberty Bank and Trust Company, the consolidated corporation, was organized with a capital stock of $325,000, divided into 13,000 shares of a par value of $25 each, of which 8,000 were exchanged and distributed to the shareholders of Pennsylvania Bank and Trust Company of Wilkes-Barre in the proportion of four shares of new stock for one share of old stock, and 5,000 shares were exchanged and distributed to the shareholders of Liberty State Bank and Trust Company in the proportion of one share of new stock for one share of old stock.

Pennsylvania Liberty Bank and Trust Company conducted the business of banking as well as that of a title

and trust company until September, 1931, when the Secretary of Banking took possession and determined to liquidate its affairs. In 1937 he proceeded to enforce the individual liability of its shareholders and for that purpose made an assessment of $25 per share, which was the par value of the stock. One of the shareholders was Joseph M. Hiznay, who had originally owned 175 shares of Pennsylvania Bank and Trust Company of Wilkes-Barre of the aggregate par value of $17,500, which he had exchanged in the consolidation for 700 shares of Pennsylvania Liberty Bank and Trust Company of the same aggregate par value, and had thereafter purchased 606 additional shares of Pennsylvania Liberty Bank and Trust Company of the aggregate par value of $15,150; he thus owned, at the time of the assessment, 1,306 shares of the aggregate par value of $32,650. Another shareholder was Victor Lee Dodson, who had owned 61 shares of Liberty State Bank and Trust Company of the aggregate par value of $3,050, which he had exchanged in the consolidation for an equal number of shares of Pennsylvania Liberty Bank and Trust Company of the aggregate par value of $1,525.

The present litigation is a test suit to determine the liability of these two shareholders and thereby that of all the others. The court below entered judgment against Hiznay for the sum of $17,500 (the par value of the stock he had owned in Pennsylvania Bank and Trust Company of Wilkes-Barre), with interest from February 26, 1937, the date when the assessment was payable. As to Dodson the court entered judgment for defendant.

At the time of the consolidation the shareholders of Pennsylvania Bank and Trust Company of Wilkes-Barre were individually responsible for its debts in the amount of the aggregate par value of its stock, namely $200,000, over and above the par value of the shares, because section 5 of the Act of May 13, 1876, P. L. 161, under which that company was incorporated, provided that "The shareholders of any corporation formed under this act

shall be individually responsible, equally and ratably, but not one for the other, for all contracts, debts and engagements of such corporation to the amount of their stock therein at the par value thereof in addition to the par value of such shares." This liability, so far as the present case is concerned, was not affected by the Banking Code of May 15, 1933, P. L. 624, or by other legislation: *Bell, Secretary of Banking, Receiver, v. Abraham,* 343 Pa. 169, 22 A.2d 753; *Harr, Secretary of Banking, v. Boucher,* 142 Pa. Superior Ct. 114, 15 A.2d 699.

At the time of the consolidation the shareholders of Liberty State Bank and Trust Company were *not* individually responsible for its debts, because Section 24 of the Act of April 29, 1874, P. L. 73, under which that company was incorporated, provided "That the officers and stockholders of corporations organized under or accepting the provisions of this act shall not be individually liable for the debts of said corporation otherwise than in this [sic] provided." This freedom from liability was not affected by subsequent legislation by which greatly enlarged rights and powers were granted to title insurance and trust companies: *DeHaven v. Pratt,* 223 Pa. 633, 72 A. 1068; *Gordon, Secretary of Banking, v. Winneberger,* 310 Pa. 362, 165 A. 408.

If the consolidation which resulted in the formation of Pennsylvania Liberty Bank and Trust Company had been that of two banks incorporated under the Act of 1876 there would be no question but that the individual liability imposed by that act on the shareholders of each of the constituent corporations would have continued for the benefit of the creditors of the consolidated corporation: *Bell, Secretary of Banking, v. Cabalik,* 346 Pa. 115, 29 A.2d 678. Here, however, we have a union of two companies the shareholders of only one of which were subject to individual liability, and the perplexing question thus arises as to the effect of the consolidation upon the liability or non-liability of the shareholders of the constituent corporations. Was all individual liability

destroyed by the consolidation? Or did the shareholders of the consolidated corporation become subject to liability in the full amount, $325,000, of the par value of its capital stock? Or should individual liability be confined to the sum of $200,000, which was the aggregate par value of the stock exchanged for that of Pennsylvania Bank and Trust Company of Wilkes-Barre, and, if so, should the liability in that amount be borne wholly by the holders of the shares which were exchanged for the stock of that company or should it be distributed equally and ratably among all the shareholders of the consolidated corporation? The problem is obviously one that does not lend itself to solution by the application of any particular rules of logic, but calls rather for an answer dictated by practical considerations so far as consistent with legal principles.

The Act of 1876 established the then policy of the State that, in the case of banks, creditors should have the benefit of individual liability of the shareholders in addition to the assets of the corporation itself; why then, should they be deprived of that benefit, or why should the shareholders be allowed to escape such liability, merely because of the consolidation of the bank with another corporation? It is true that while, in the case of a merger, one of the combining corporations continues in existence and absorbs the others, in a consolidation all the combining corporations are deemed to be dissolved and to lose their identity in a new corporate entity which takes over the properties, powers and privileges, as well as the liabilities, of the constituent companies: *Buist's Estate,* 297 Pa. 537, 541, 147 A. 606, 607. But Pennsylvania Liberty Bank and Trust Company, the consolidated corporation, continued to conduct the business of banking, and as its power to do so was derived from the Act of 1876 under which its constituent, Pennsylvania Bank and Trust Company of Wilkes-Barre, had been incorporated, its creditors were entitled to the protection afforded by the liability imposed by that act. Sec-

tion 3 of the Act of May 3, 1909, P. L. 408, under which the consolidation was effected, provided that "all rights of creditors . . . shall continue unimpaired . . ." The general intendment of that act and of the decisions dealing with the consolidation of corporations is to the effect that a consolidation does not work any change in the assets, rights and liabilities of the constituent corporations or in the status of creditors and shareholders; it rather resembles the flowing together of two rivers the waters of which become mingled in a common stream. Therefore the individual liability which existed to the extent of $200,000 when the constituent corporations combined was continued as an attribute of the new corporate organization. On the other hand, just as the consolidation could not impair, so also it could not increase the total amount of that liability, and the Attorney General, conceding this, does not ask that the shareholders of the consolidated corporation be held individually liable to the extent of $325,000, the aggregate par value of the capital stock of the new corporation, but only in the amount of $200,000, since the entire liability of all the shareholders who joined in the formation of the consolidated corporation did not exceed that sum.

The question then remains as to how this individual liability of $200,000 is to be distributed. The court below was of opinion that it attached only to the shares which were given in exchange for the shares of Pennsylvania Bank and Trust Company of Wilkes-Barre, and not to the shares given in exchange for those of Liberty State Bank and Trust Company, the shareholders of the latter corporation not having been subject to such liability. Apart from all other considerations, such a ruling would result in an impractical situation. All the 13,000 shares of Pennsylvania Liberty Bank and Trust Company stock are in form and content indistinguishable from one another, and the difficulties involved in the court's decision are illustrated by the fact that Hiznay was relieved by it from liability in connection with the 606 shares which

he had purchased after the consolidation, although it did not appear, and probably could not have been ascertained, whether any or all of those additional shares stemmed from the shares of the bank or from those of the title and trust company. As all the shareholders, no matter with which of the constituent corporations they had originally been identified, proceeded, after the consolidation had been effected, to conduct an enterprise in which they enjoyed the same rights and shared the profits pro rata, their responsibility for the debts should certainly be equal. The legislature, in permitting a consolidation of this nature, could not have intended such an unjust and absurd result as that the shareholders of the consolidated corporation, carrying on the business of banking in their common interest, should be subject to wholly unequal statutory responsibility for the debts and contracts of that business because some of them had originally held stock in one company and some in another, although all of them had exchanged their holdings for the uniform stock of the new corporation. The shareholders whose stock was derived from that of Liberty State Bank and Trust Company were, as far as the banking business carried on by the consolidated corporation was concerned, as much bound by the Act of 1876 as were the shareholders whose stock was derived from that of Pennsylvania Bank and Trust Company of Wilkes-Barre, for it was only by virtue of the powers and rights granted by that act that such business could be conducted; consequently they should share the burden of the aggregate individual liability resulting from the application of the provisions of that act to the situation created by the consolidation. We are accordingly of opinion that *all* the shareholders of Pennsylvania Liberty Bank and Trust Company are equally and ratably liable in the aggregate amount of $200,000, which, there being 13,000 shares, constitutes a liability of $15.38 plus per share. The fund raised by the assessment will be for the benefit of all creditors of the consolidated corporation

existing at the time of the receivership, whether they had been creditors of either of the constituent corporations or had become creditors only after the consolidation.

The judgments are reversed and the record is remanded with directions to enter judgment for plaintiff against Joseph M. Hiznay in the sum of $20,092.30, and judgment for plaintiff against Victor Lee Dodson in the sum of $938.46, in each case with interest from February 26, 1937.