Shaffer Estate.

Argued March 6, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY and JAMES, JJ.
(RENO, J., absent).

*Leo W. White,* with him *John W. Lord, Jr.,* Special
Deputy Attorney General, *Orville Brown,* Deputy At-
torney General, and *James H. Duff,* Attorney General,
for appellant.

*George L. Fenner, Sr.,* with him *Gilbert S. McClin-
tock,* for appellee.

OPINION BY RHODES, J., April 18, 1944:

The Secretary of Banking of the Commonwealth of
Pennsylvania, Receiver of Heights Deposit Bank of
Wilkes-Barre, Pa., presented a claim against the estate
of Verna Kizer Shaffer, deceased, for an assessment of
$50 per share for 35 shares of the closed bank.[1] The

---

[1] The claim is asserted under Act of May 13, 1876, P. L. 161;
Act of June 15, 1923, P. L. 809; and Act of May 15, 1933,
P. L. 565.

Orphans' Court of Luzerne County (GEARHART, P. J., specially presiding) refused to allow the claim. The Heights Deposit Bank of Wilkes-Barre, Pa., was incorporated on June 14, 1910, under the Act of May 13, 1876, P. L. 161. Section 5 of that act provided: "The shareholders of any corporation formed under this act, shall be individually responsible, equally and ratably, but not one for the other, for all contracts, debts and engagements of such corporation to the amount of their stock therein at the par value thereof in addition to the par value of such shares." See *Bell, Secretary of Banking, Receiver, v. Abraham*, 343 Pa. 169, 22 A. 2d 753; *Harr, Secretary of Banking, v. Boucher et al.*, 142 Pa. Superior Ct. 114, 15 A. 2d 699; *Freeman, Secretary of Banking, Receiver, v. Hizway et al.*, 349 Pa. 89, 36 A. 2d 509.

The parties have submitted an agreed statement of facts under Rule 56 of this court.

It appears that Mahlon S. Shaffer, husband of Verna Kizer Shaffer, died testate on November 28, 1930, and his widow was the sole devisee and legatee under his will. Included among the assets of his estate were 35 shares of stock in the Heights Deposit Bank of Wilkes-Barre, Pa. On September 23, 1931, the bank was closed, and the Secretary of Banking took possession. The bank never thereafter resumed normal banking operations. Mrs. Shaffer died testate on October 24, 1931. Her will was probated, and an inventory of the assets of the estate filed. On October 7, 1932, the first and final account of the surviving executor of the estate of Mahlon S. Shaffer, deceased, was filed, and contained, inter alia, the 35 shares of stock for distribution. On January 10, 1933, the surviving executor filed its petition for distribution in which it asked that credit be allowed for the inventory value ($9,625) of the 35 shares of bank stock, which it had charged off as of no value; the petition also asked that the executor

be permitted to make distribution in kind to the estate of Verna Kizer Shaffer, deceased, of certain securities listed therein among which were the 35 shares of bank stock at no value. No claim was filed by the Secretary of Banking as receiver of the Heights Deposit Bank of Wilkes-Barre, Pa., at the audit of the account on February 3, 1933.[2] The audit was confirmed and distribution made. On or about January 9, 1937, the Secretary of Banking proceeded to enforce the individual liability of the shareholders, and for that purpose made an assessment of $50 per share which was the par value of the stock. With respect to the 35 shares this assessment was made against Mahlon S. Shaffer, the registered holder of the stock, and the statutory written notice given in his name. At the audit of the third and final account of the executors of the estate of Verna Kizer Shaffer, deceased, the Secretary of Banking claimed that this estate was the owner of the 35 shares of stock, and that the estate was liable for the assessment.

The main question presented is whether the estate of Verna Kizer Shaffer, deceased, became a shareholder in the closed Heights Deposit Bank of Wilkes-Barre, Pa., subject to liability for the assessment.

Ordinarily the status of a stockholder is created only by transfer of stock upon the corporate books, and, as long as no transfer is registered, the registered owner remains liable as a stockholder. *Broderick v. Aaron et al.,* 268 N. Y. 260, 197 N. E. 274, 275; *Kirschler v. Wainwright,* 255 Pa. 525, 529, 100 A. 484. It is also a general rule that the transfer of stock in a bank or other corporation after its closing or suspension will not relieve the transferor of his statutory liability for its debts. See *McClelland v. Merchants & Miners National Bank,* 77 Colo. 302, 236 P. 774; *May v. McQuillan,* 129 Mich. 392, 89 N. W. 45; *Peterson v. Strayer,* 121 Neb.

[2] See *Jones' Estate,* 28 D. & C. 657; *DeHaven's Estate,* 37 D. & C. 665; *Spear Estate,* 349 Pa. 76, 36 A. 2d 489.

587, 237 N. W. 667. In *Cook v. Carpenter (No. 2)*, 212 Pa. 177, 180, 61 A. 804, the Supreme Court recognized the principle that a transfer must be complete and in accordance with the by-laws of a corporation to fix the liability of the transferee and release the transferor. In *Gordon, Secretary of Banking, v. Northern Trust Co. et al.*, 121 Pa. Superior Ct. 79, 183 A. 352, this court followed that principle. In Section 5 of the Act of May 13, 1876, P. L. 161, which provides for the additional liability of stockholders in banks organized thereunder, it is also provided that "every person to whom stock shall be transferred as aforesaid [i. e. on the books of the corporation in such manner as may be prescribed by the by-laws and articles of association thereof], shall, in proportion to the shares received, succeed to all the rights and liabilities of the prior holders thereof, ......"

Primarily it is the stockholder of record at the time the bank is closed, when followed by liquidation, who is liable to assessment; but the real owner, when the operations of the bank were suspended, may be held liable therefor. *Ohio v. Union Trust Company of Pittsburgh*, 137 Pa. Superior Ct. 75, 82, 8 A. 2d 476. See *Bell, Secretary of Banking, Receiver, v. Frankford Trust Co. et al.*, 154 Pa. Superior Ct. 517, 36 A. 2d 177.

As said in *Broderick v. Aaron et al.*, supra, 268 N. Y. 260, 197 N. E. 274, at page 266: "The closing of the bank occasioned an automatic default in the payment of its debts and liabilities. ...... It could not continue to conduct the business of a bank unless permission to reopen were thereafter given. A person who thereafter acquired stock in the bank might become the owner, legal or equitable, of stock in the corporation, and entitled to the benefits flowing from such ownership if the bank was permitted again to conduct its business or if upon liquidation a surplus remained for distribution among the stockholders. Nevertheless,

such an owner of stock, so long as the bank remains closed, is not a stockholder of a corporation which conducts or has power to conduct a bank." See, also, *Ward v. Simon et al.*, 23 F. Supp. 117; *Richards v. Attleborough National Bank*, 148 Mass. 187, 19 N. E. 353, 355, 356.

Mahlon S. Shaffer, had he been living when the bank was closed and taken over by the Secretary of Banking, could not have relieved himself from responsibility for the payment of the statutory additional liability by transfer or attempted transfer by delivery of his stock certificate. The responsibility having been irrevocably affixed to those who were stockholders on the day of the bank's failure to meet its obligations, Shaffer's estate could not shift the responsibility with any more effectiveness than could Shaffer had he been living. Mrs. Shaffer had no relationship with the bank when it was closed and possession taken by the Secretary of Banking; and, as her estate did not attain the status of a stockholder, it is not liable for the assessment.

The effect of the absence of an assessment against the estate of Mrs. Shaffer is not material to the disposition of this appeal in view of our conclusion.

The decree is affirmed, at the cost of appellant.