## Commonwealth v. Rosciolo

*William C. Massinger*, for Commonwealth.

*L. K. W. Deininger*, for defendant.

LICHTENFELD, J., March 4, 1960.—On July 21, 1959, Trooper Edward G. Bronk, of the Pennsylvania State Police, filed an information on information received, that defendant, Victor Rosciolo, at Coatesville, Chester County, on September 20, 1957, did unlawfully make a false statement in an application for learner's permit, examination and operator's license before Alice J. Kennedy, a notary public, of Coatesville, and received a

learner's permit after his 1954 operator's license had been suspended. The information was based on violation of section 624 of The Vehicle Code of April 29, 1959, P. L. 58, which became effective on July 1, 1959. Defendant waived a hearing before the alderman, and the case was transferred to this court.

The matter is before the court on a motion to quash on the ground that the prosecution for the unlawful act that took place on September 26, 1957, should have been under The Vehicle Code of May 1, 1929, P. L. 905, and not under The Vehicle Code of 1959.

It is first to be noted that the nature and character of the offense as well as the punishment are the same under both acts.

Article 15, sec. 1501, of The Vehicle Code of 1959, specifically repeals The Vehicle Code of 1929, but section 104 of the 1959 code states: "The provisions of this act, so far as they are the same as those of existing law, are intended as a continuation of such laws and not as new enactments. The repeal by this act of any act of assembly, or part thereof, shall not revive any act or part thereof heretofore repealed or superseded. The provisions of this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit or prosecution pending or to be instituted to enforce any right or penalty, or punish any offense, under the authority of such repealed laws."

This is a reaffirmance of the same principle stated by the court in Commonwealth v. McNamara, 93 Pa. Superior Ct. 267, 271, that: " ' "Where a statute is repealed and its provisions are at the same time reenacted by the repealing act, the effect according to the great weight of authority, is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced." ' " See also Commonwealth v. Dickinson, 57

Pa. Superior Ct. 380; Bell v. Abraham, 343 Pa. 169; Commonwealth v. Davis, 4 D. & C. 2d 182.

This principle is also in accordance with the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §582.

It is clear that the legislature intended that article 6, sec. 620, of The Vehicle Code of 1929, as amended, should continue in force and support prosecutions for its violations which had been committed before the adoption of The Vehicle Code of 1959.

The mandate of The Vehicle Code of 1959 is that prosecution for the offense that took place in 1957 should be under the prior code. The Commonwealth contends that prosecution should be under The Vehicle Code of 1959 because it is alleged that the information as to the alleged violation did not become known until July 7, 1959. This contention cannot be sustained.

The offense took place on September 26, 1957, when defendant made the false statement under oath. Acquiring knowledge of the offense is relevant only in regard to the limitation of time within which to bring prosecution for the false statement.

Article 12, sec. 1201, 75 PS §731, of The Vehicle Code of 1929, as amended, provides for the filing of information charging violations of section 620($j$), 75 PS §231($j$), within 15 days after it is discovered that a violation of the section had been committed.

The corresponding section numbers in the Code of 1959 are 1201($a$) and 624(8), respectively.

The plain wording of the statute does not support the position of the Commonwealth that the violation took place when discovered. Defendant's motion to quash the information must be sustained.

*Order*

And now, March 4, 1960, the motion to quash the information is sustained, and defendant is discharged. Costs to be paid by the county.